Kackley v. The Evansville and Terre Haute Railroad Company.

Filed May 25, 1893.

---

No. 928.

### KACKLEY v. THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

ASSIGNMENT OF ERRORS.—*Instructions to Jury.*—*Aggregate Assignment.* —*Failure of.*—*Waiver.*—Where an assignment of error is that the court erred in giving certain instructions, naming them, the assignment must fail if any of such instructions is correct; and a failure of counsel to discuss any of such instructions amounts to an admission of its correctness, all objection thereto being waived.

SAME.—*Refusal to Give.*— *When not Error.*—*Record.*—Error predicated upon a refusal to give instructions can avail nothing, unless the record shows them to have been opportunely tendered to the court; and if so tendered, they must be properly worded and the law properly expressed therein.

From the Daviess Circuit Court.

*W. A. Cullop, C. B. Kessinger* and *C. K. Thorp,* for appellant.

*J. E. Iglehart, E. Taylor, S. H. Taylor* and *W. R. Gardiner,* for appellee.

DAVIS, J.—The error assigned in this court is that the Daviess Circuit Court erred in overruling appellant's motion for a new trial. Several reasons are contained in the motion for a new trial, but only two have been argued by counsel for appellant. These two are that the verdict was contrary to the evidence and the law, and that the court erred in refusing and giving instructions.

We have carefully read the evidence, and it is perhaps true that there is ample evidence in the record to have justified a verdict in behalf of appellee, but we are not able to agree with counsel that the evidence is all one way, and that appellee was entitled, in any event, to at least nominal damages. If substantial damages had been awarded, this court would not, under the long established rule which obtains in this State, have reversed the judgment on the evidence, and the same rule forbids that we should reverse the judgment because of the failure to award nominal damages. There was some evidence in the record, which, if believed by the jury, warranted the conclusion reached in the verdict.

The third reason assigned in the motion for a new trial is as follows: "Error of law occurring on the trial of said cause and excepted to by the plaintiff at the time in this, to wit:

"1st. The court erred in refusing to instruct the jury as requested, separately and severally, by plaintiff in instructions numbers one, two and three.

"2d. The court erred in giving instructions numbers one, three, four, five, six, seven and eight."

No objection has been made to either the third or seventh instructions given by the court. The error, if any, in giving either of said instructions, has been waived by failure to discuss the same. The motion for a new trial joins all the instructions together in general terms, without separating or pointing out any one or more as er-

roneous. Such an assignment, under the authorities, can only be maintained by showing that all the instructions are incorrect. In this state of the record, therefore, no question is presented for our consideration, so far as the instructions given are concerned. *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385; *Mahoney* v. *Gano*, 2 Ind. App. 107; *State, ex rel.*, v. *Gregory*, 132 Ind. 387, 31 N. E. Rep. 952; *Williamson* v. *Brandenberg*, 6 Ind. App. 178, 32 N. E. Rep. 1022; *Walker* v. *Johnson*, 6 Ind. App. 600, 33 N. E. Rep. 267.

The assignment in the motion as to instructions refused is not within the rule stated in *McKendry* v. *Sinker, Davis & Co.*, 1 Ind. App. 263.

No question is presented by this assignment unless all the instructions so asked and refused should have been given. *Williamson* v. *Brandenberg, supra; Ohio, etc., R. W. Co.* v. *McCartney, supra.*

It is not affirmatively shown in the record in this case that the instructions refused were tendered to the court before the commencement of the argument. Section 534, R. S. 1881.

Conceding, however, that the request was made within the proper time, it is necessary that the instruction so tendered should be accurately worded, and that the law should be fully and properly expressed therein. Elliott App. Proced., section 735.

The instructions so asked by appellant may have correctly stated the law so far as they went, but they did not in all respects fully and correctly state the law pertinent and applicable to the evidence under the issues.

Notwithstanding the appellee may have been guilty, in all respects as charged in the complaint, of having wrongfully and unlawfully so conducted and maintained its bridge across White river as to impede or prevent the navigation of that stream, yet appellant could not re-

cover on account thereof, unless he was damaged in some degree thereby.

It was incumbent on him to prove, to the satisfaction of the jury, the other material averments of his complaint. On a careful reading of the entire record, we are not prepared to say that when the instructions given are considered as a whole they do not correctly state the law. We are of opinion that the eighth instruction given by the court was not erroneous. There was some evidence, at least, tending to sustain that theory of the case.

If the jury (as the result seems to indicate they did) took that view of the case, then it is evident it would not matter what other instructions were given or refused. However this may be, the general theory of the instruction given was correct, and if there was prejudicial error in any of the instructions given or refused the question is not, for the reasons stated, presented by the record.

In any event, we do not find any reversible error in the record.

Judgment affirmed.

Filed June 20, 1893.