Vestal v. Craig.

---

## VESTAL ET AL. *v.* CRAIG.

[No. 3,226. Filed November 27, 1900.]

LANDLORD AND TENANT.— *Contracts.— Assignment.— Rents.— Complaint.*—A complaint alleged that defendants executed a contract wherein it was agreed that they should not remove their stock of goods until the rent then due and to become due should be paid, and that the stock should stand good for the rent, and that such contract was duly assigned to plaintiff; that defendants failed to comply with said contract in that the stock of goods was removed without the knowledge or consent of plaintiff and disposed of and delivered up to the purchaser, and refused to pay the rent, or apply the proceeds of the sales thereon. *Held,* that the complaint was indefinite, and was insufficient as based on an action for breach of contract, or for rent. *pp. 574, 575.*

APPEAL AND ERROR.—*Harmless Error.*—The rule that error in overruling a demurrer to a complaint is cured by special finding of facts and conclusions of law thereon, is based upon the premise that a right result was reached. *p. 576.*

From the Hamilton Circuit Court.    *Reversed.*

*J. A. Roberts, S. D. Stuart* and *C. G. Reagan,* for appellants.

*H. J. Alexander, T. P. Davis, F. E. Gavin* and *J. L. Gavin,* for appellee.

COMSTOCK, J.—Appellee was plaintiff below. The complaint alleges: "That the defendants on the 23rd day of August, 1897, in the name and style of G. W. Vestal, A. H. Lacy and Meade Vestal, respectively, executed to M. S. and Kate J. Lebo their certain contract and agreement, as follows, to wit: 'M. S. and Kate Lebo. I hereby agree that my stock of goods now in your room shall not be removed from where now located until the rent therefor now due and to become due shall be paid, both the rent while closed up and while open, and that said stock shall stand good for the same. Aug. 23rd, 1897. G. W. Vestal. A. H. Lacy. Meade Vestal.' That thereafter, to wit: on the —— day of November, 1897, said Lebos for value received assigned said contract in writing to plaintiff by indorsement thereon as follows, to wit: 'For value received we hereby assign to Will H. Craig our interest in the above contract to the following amounts and items: 1st, the back rent due while the store was closed, $73.45; 2nd, also rent on room from Nov. 1, '97 to March 1, '98, 4 mo., $72,—total $145.45. We also agree that if said storeroom should become vacant before March 1, 1898, we will be liable to said Craig and agree to pay him the amount of rent that accrues during said vacancy. M. S. Lebo. Kate J. Lebo.' That said defendants have failed and refused to comply with said contract in this to wit: That the said stock of goods has been removed from where located without the knowledge or consent of plaintiff and said defendants have failed and refused to pay said rent; that said defendants have sold and disposed of said stock of goods and delivered up to the purchaser complete possession thereof and have failed and re-

fused to pay said rent or apply the proceeds of said sale thereon. That there is now due and owing to plaintiff under and by virtue of said contract the sum of $150, and that the above conditions were broken since March 1, 1898, and said sum due on said date. Wherefore plaintiff demands judgment against defendants in the sum of $150 and for all other proper relief." The court made a special finding of facts and stated conclusions of law and rendered judgment thereon in favor of appellee for $125.50.

The errors assigned question (1) the sufficiency of the complaint, and (2) the correctness of the conclusions of law stated upon the special finding of facts.

It is urged that the demurrers to the complaint should have been sustained because it does not appear upon what theory it is drawn. A pleading must proceed upon a definite theory and be good upon that theory. Each theory must be embodied in a separate paragraph and only one theory can be pleaded in a single paragraph. The court must determine the theory from the leading allegations of, the pleading. *Cleveland, etc., R. Co.* v. *Dugan,* 18 Ind. App. 435, and authorities there cited.

The complaint before us is in one paragraph. Upon reading it, one is left in doubt as to whether it is an action for rent or for damages for the breach of the contract set up in the complaint by the removal and sale of the goods which were "to stand good for the rent." The contract set out contains no promise to pay rent; it does not show with whom the contract for rent was made, nor from whom it was due. Nor does the complaint allege that the appellants or either of them promised to pay rent. The complaint is not sufficient upon the theory that the action is for rent. If the action is for a breach of a contract giving a lien on the goods, the complaint by the averment of facts should show that the lien has been lost. Without deciding whether the contract gave a lien, we deem it only necessary to say that it does not aver facts showing that a lien was lost. The sale of the

goods and the removal from the particular room in question would not necessarily devest appellee of any lien he may have had. The complaint is not good upon either theory.

The learned counsel for appellee do not discuss the sufficiency of the complaint, but rest this question of the appeal upon the proposition that as the court made a special finding and stated conclusions of law thereon, its action in overruling the demurrers to the complaint is not material. A proposition which in its general terms is supported by numerous decisions of the appellate courts of this State. This rule, however, is founded upon the premise that from the special findings of facts, it appears that a right result was reached. As said by Mitchell, J., speaking for the court in *American, etc., Ins. Co.* v. *Replogle,* 114 Ind. 1, (in which case it was claimed that the trial court had reached a correct result upon the facts specially found) : "We are not prepared to say, from all that appears upon the record, that a right result was reached."

Judgment reversed for error in overruling the demurrers to the complaint.