CONSOLIDATED STONE COMPANY v. MORGAN,
ADMINISTRATOR.

[No. 19,978.   Filed March 13, 1903.]

MASTER AND SERVANT.—*Death by Wrongful Act.—Negligence.—Complaint.*—A complaint in an action for death by wrongful act caused by the fall of a derrick mast near which decedent was working, resulting from the failure of defendant properly to secure one of the guy-ropes, alleging that the condition of the guy-rope was known to the defendant, or could have been known to it by a reasonable inspection at any time within several months before the accident, and that decedent had no knowledge of the defective fastening or the dangers of the place, states a cause of action.  *pp. 244, 245.*

SAME.—*Death by Wrongful Act.—Negligence.—Complaint.*—A complaint in an action for the death of a servant by wrongful act, caused by the fall of a derrick, alleging that defendant carelessly constructed the derrick by attaching a guy-rope to the side of a small stone, partly in the ground, in such manner that a heavy weight upon the boom-pole would pull the stone around and throw weight upon the other guy-ropes so as to break them, and that decedent had no knowledge of the defective fastening or the danger arising therefrom, states a cause of action.  *pp. 244, 245.*

SAME.—*Pleading.—Defective Averments.—Cured by Findings.*—Defective averments in a complaint as to knowledge on the part of defendant of the insecure fastenings of the guy-ropes of a derrick, in an action for death by wrongful act, are cured by the finding of the jury, in answer to interrogatories, that defendant had notice of the defective fastening of the guy-rope, and that the giving away of its anchorage was the cause of the fall of the derrick and the injury to decedent.  *p. 245.*

SAME.—*Death by Wrongful Act.—Defective Machinery.—Knowledge of Master.*—An instruction in the trial of an action for the wrongful death of a servant, caused by defective machinery, that if the master was shown to have constructed the defective machinery, no further proof of knowledge of its defective character was required, was not erroneous.  *pp. 245, 246.*

TRIAL.—*Instructions.—Appeal and Error.*—Appellant will not be heard to complain of an instruction given by the court which is substantially the same as one asked by him.  *p. 247.*

DAMAGES.—*Death by Wrongful Act.—Marriage of Decedent's Widow.*—No error was committed in instructing the jury in an action for damages for death by wrongful act that the marriage of the de-

cedent's widow should not be considered by them in assessing the damages, if damages should be given. *p. 247.*

TRIAL.—*Misconduct of Counsel.—Exception.—Appeal and Error.*—To present for review alleged misconduct of counsel in commenting upon instructions to be given the jury, a motion must be made to set aside the submission and withdraw the case from the jury, and an exception saved to the ruling of the court thereon. *pp. 247, 248.*

SAME.—*Interrogatories.*—Interrogatories seeking to ascertain on which paragraph of the complaint the jury based its verdict are not authorized. *p. 248.*

EVIDENCE.—*Death by Wrongful Act.*—In the trial of an action for death by wrongful act, evidence in regard to the habits and moral character of the widow of decedent was properly excluded. *p. 248.*

From Monroe Circuit Court; *Newton Crooke*, Special Judge.

Action by John D. Morgan, administrator of the estate of Albert O. Cass, deceased, against the Consolidated Stone Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*H. C. Duncan, I. C. Batman, R. W. Miers* and *Edwin Corr*, for appellant.

*J. R. East* and *R. H. East*, for appellee.

DOWLING, J.—Action by an administrator for damages for the death of his decedent, alleged to have been caused by the negligence of the appellant. The suit was brought in the Lawrence Circuit Court, the venue being afterwards changed to Monroe county. Demurrers to the several paragraphs of the complaint were overruled, as were motions for judgment for appellant, on the answers of the jury to questions of fact submitted to them, and for a new trial. From a judgment against it, the company appeals.

The errors assigned and not waived are the rulings on the demurrers to the first, second, third, and fourth paragraphs of the complaint, and on the motions for judgment for appellant, notwithstanding the verdict, and for a new trial.

The appellant owned a stone quarry situated in Lawrence county, in this State, and used in its business a large derrick, consisting in part of a perpendicular mast, upward

of fifty feet high, held in an upright position by eight guy-ropes extending from its top and fastened at their lower extremity to stones or other immovable objects.   The mast revolved in a socket at its lower end, and was turned around by a wheel on a platform at its base.   The stones to be moved by the derrick were fastened to the end of a long arm or boom-pole attached to the mast by a hinge near its bottom, and this boom-pole was raised or lowered by a rope running from its free end to a pulley at the top of the mast, and thence to an iron drum operated by a steam engine located at the power-house.   While the decedent was at work on the platform turning the wheel which moved the derrick, a stone weighing some 22,000 pounds was attached to the end of the boom-pole, to be loaded on a railroad car. The great weight of the stone caused the northwest guy-rope to pull from its bed an anchor stone of comparatively small size and weight, to which the guy was fastened.   This occasioned a sudden and undue strain upon the adjacent guy-ropes, one or more of which gave away.   The derrick then, being without sufficient support, fell, and, in falling, its lower end hurled the surrounding platform and machinery some fifteen feet, and the decedent with them, inflicting such injuries on the decedent that he died in a few minutes.

The grounds upon which the appellant assails the sufficiency of the first, second, third, and fourth paragraphs of the complaint are that they failed to show that negligence of which the appellant had knowledge was the proximate cause of the death of the decedent; that they do not allege that appellant had knowledge of the danger which caused the death of the decedent; that they show that the death of the decedent was not occasioned by the negligence charged, but by another and different cause; and that none of the paragraphs alleges the knowledge by the appellant of the defects of the machinery and appliances occasioning the injury.

It distinctly appears from each of the paragraphs of the complaint that the injury to the decedent was caused by the fall of the derrick mast near which he was working, and that the fall of the mast resulted from the failure of the appellant properly to secure one of the guy-ropes. In the first paragraph it is alleged that the condition of the guy-rope was known to the appellant, or could have been known to it by a reasonable inspection at any time within several months before the accident, and that the decedent had no knowledge of the defective fastening, or the dangers of the place. The second paragraph contains the averment that the appellant carelessly constructed the derrick, by attaching the guy-rope to the side of a small stone, partly in the ground, in such a manner that a heavy weight upon the boom-pole would pull the small stone around, and throw the weight upon the other guy-ropes so as to break them. This paragraph also contains the allegation that the decedent had no knowledge of the defective fastening or the danger arising therefrom. The third and fourth paragraphs do not differ materially from the second. It is shown by these pleadings that the negligence of the appellant in not securely fastening the northwest guy to a suitable anchor or object was the proximate cause of the fall of the mast and the injury to the decedent, and that the appellant had actual or constructive knowledge of the existence of the defects in the fastening. *Clear Creek Stone Co.* v. *Dearmin, ante,* 162.

If the appellant itself, as charged in the second, third, and fourth paragraphs, negligently constructed the derrick and its appliances, it was chargeable with knowledge of the manner in which the derrick and machinery were built and supported, and no further allegation of knowledge of the defects of such machinery was necessary. *Standard Oil Co.* v. *Bowker,* 141 Ind. 12, 18. It may also be observed that it is shown by the answers to the interrogatories that, on the Sunday previous to the accident, the master me-

chanic of the appellant, who was then superintending the work of repairing the guy-ropes holding the derrick, was expressly notified that the stone to which the northwest guy was attached was loose and unsafe. It appears, too, from these answers that the small size and loose condition of the stone could have been discovered by the person making the fastening. The jury further specially found that the block of stone which was being moved by the boom was so heavy that it pulled the stone holding the northwest guy from its place, although the capacity of the derrick was supposed to be sufficient to enable it to carry a stone containing 200 cubic feet, while the stone so attached to the boom contained only $138\frac{1}{2}$ cubic feet; that the giving away of the northwest guy-rope was the cause of the breaking of the north guy-rope; that the breaking of the latter caused the northeast guy-rope to break; and that the insufficient size and weight of the stone which held the northwest guy-rope as an anchor in part caused the derrick to fall and kill the decedent, the north guy-rope being too weak to hold the derrick upright after the northwest guy-rope had pulled loose from its fastening. As the answers to the interrogatories show that the appellant had notice of the defective fastening of the northwest guy-rope, and that the giving away of its anchorage was the cause of the fall of the derrick and the injury to the decedent, the ruling on the demurrers to the several paragraphs of the complaint could not, even in the absence of an averment of knowledge of the defective fastening on the part of the appellant, be prejudicial to it. *Vestal* v. *Craig*, 25 Ind. App. 573; *Beasley* v. *Phillips*, 20 Ind. App. 182.

The first, second, third, and fourth paragraphs of the complaint each stated a good cause of action, and the court did not err in overruling the demurrers to them.

The supposed infirmity of instructions numbered nine, eighteen, and twenty-one, consists in the statement contained in each of them, that if the appellant was shown to

have constructed the defective machinery, no further proof of knowledge of its defective character was required. There was no error in this statement of the law. *Standard Oil Co.* v. *Bowker,* 141 Ind. 12, 18.

The objections taken by counsel to instruction numbered one, asked for by the appellee, are that in stating the issues "it entirely omits the element of knowledge on the part of the deceased." The instruction expressly states that: "The plaintiff charges, in his different paragraphs of complaint, that at the time of the accident the deceased had no knowledge of the manner in which the guys were fastened, and had no knowledge of any defects in said guy-ropes, and did not know the capacity of the derrick, and did not know the weight of the stone attempted to be lifted by the derrick, and was without knowledge of the danger to him working where he was at the time of his injuries." This part of the instruction, which seems to have been overlooked by counsel, certainly does not omit the element of lack of knowledge on the part of the deceased.

Counsel are also in error in their assertion that while the instruction "tells the jury that the sixth paragraph charges that the deceased was ordered by the defendant from his regular employment, that of a scabbler—a place of safety—to the place at the foot of the derrick—one of great hazard"—the complaint alleges only that the deceased was employed "as a scabbler, and it was his duty under such employment * * * to assist at turning the bull wheel at the base of the derrick, and that while so engaged he received the injuries from which he died." A more careful reading of the sixth paragraph would have disclosed that, in another place, it averred, in so many words, that: "The deceased, * * * on said date, had been ordered from his regular employment * * * that of scabbler—a place of safety—200 feet away from the bull wheel and base of derrick, to the place at the base of the derrick—one of great hazard."

Instruction numbered nine, given at the request of the appellee, is complained of because it is alleged to have limited the decedent's assumption of the risks of his employment to those of which he had "knowledge." The point of objection is that the court said nothing concerning defects of machinery or dangers which he could have discovered by the exercise of ordinary care. The court did not confine its instruction to defects and dangers of which the deceased had actual knowledge. This instruction in respect to the knowledge of the decedent was substantially the same as one of the instructions asked by appellant, and the error in giving it, if any, is not available to him. Elliott, App. Proc., §627.

There is nothing in the objection to instruction numbered twelve, given at the request of the appellee, that "It confuses the words 'defect' and 'danger,' making them synonymous." Neither is there any force in the suggestion that "This instruction fails to connect the defendant's conduct with his duty." It would be difficult to set forth the law on this subject more plainly or more concisely than is done in this instruction.

Instruction numbered twenty-four told the jury that the marriage of the widow of the decedent should not be considered by them in assessing the damages, if damages should be given. There was no error in this.

We find nothing objectionable in instructions numbered six, nine, eleven, twelve, seventeen, twenty, and twenty-one.

If counsel for appellee were guilty of misconduct on the trial, in commenting upon the instructions which were to be given by the court, and if, upon objection made in due season, the court refused to relieve appellant from the effect of such misconduct, a motion should have been made on behalf of appellant to set aside the submission, and withdraw the case from the jury. It could not be permitted to proceed with the trial, take the chances of securing a verdict in its favor, and, upon a failure so to do, to receive a new

trial of the cause. *Blume* v. *State,* 154 Ind. 343, and cases cited.

The court refused to submit to the jury six interrogatories, tendered by the appellant, the object of which was to obtain from the jury, in case they returned a verdict for the appellee, a statement showing upon which paragraph or paragraphs of the complaint it was based. Interrogatories for this purpose are not authorized by the statute. *Clear Creek Stone Co.* v. *Dearmin, ante,* 162.

The testimony of the witness Kerr in regard to the habits and moral character of the widow of the decedent was properly excluded. For the same reasons, the records of the mayor's court were incompetent evidence. The decedent left a widow and one child surviving him, and the statute provides that the damages recovered must inure to the exclusive benefit of the widow and children, if any. The amount of such damages ought not to be increased or diminished on account of a change in the situation of the widow, children, or next of kin, after the death of the injured person; nor do they in anywise depend upon the character or conduct of one or more of the persons who might, or might not, be entitled to share in their distribution.

No material answer of the jury to the questions of fact is so inconsistent with the general verdict as to overthrow it. The rule in such cases is plain and well understood, and it is not necessary to restate it. *Clear Creek Stone Co.* v. *Dearmin, ante,* 162; *Stoy* v. *Louisville, etc., R. Co., ante,* 144.

The court did not err in overruling a motion for a new trial.

Before discussing any of the questions in this case, counsel for appellee asked that the appeal be dismissed, or the judgment affirmed, because of the failure of the appellant to comply with the rules of this court governing appeals. There has been no attempt, even, to meet the requirements of rule twenty-two, which provides that the brief of counsel

for an appellant shall contain such a concise statement of so much of the record as fully presents the errors relied upon for reversal. It is very far from a sufficient compliance with this rule to refer in the brief to the page and line of the record where the matter under examination may be found. Notwithstanding this disregard of the rule, we have not dismissed the appeal nor affirmed the judgment on that account, but have made for ourselves such an inspection of the record as was necessary for a proper decision of the cause. But while, in this instance, we have not adopted the course suggested by counsel for appellee, we regard the rule as a most important one, and wish it understood that a due regard for the proper dispatch of the business of this court will constrain us hereafter to insist upon its strict observance.

Finding no error in the record, the judgment is affirmed.