### Doyle & Co. et al. *v.* Hawkins.

[No. 4,863.   Filed January 31, 1905.]

1. PLEADING.—*Complaint.*—*Knowledge of Defect.*—Where the complaint alleges that plaintiff "had no knowledge whatever of said defects, cracks, or the old and worn-out condition of said swivel," actual and constructive knowledge are both negatived, and a demurrer for such reason should be overruled. p. 516.

2. TRIAL.—*Instructions.*—*Purpose.*—The purpose of instructions to the jury is to make plain its duty with reference to the cause on trial,

and such 'instructions should be confined to the cause stated in the pleadings. p. 516.

3. TRIAL.—*Instruction Not Applicable to Cause of Action.*—Where the evidence is unsatisfactory, the giving of an instruction having no relation to the issue constitutes reversible error. p. 517.

4. SAME.—*Instruction.*—*Defective Machinery.*—Where the cause of action is based upon negligence of the master in furnishing the servant with a defective swivel with which to work, an instruction asked by the defendants that "if the plaintiff's injuries were caused by reason of the swivel breaking where it was welded, and neither of the defendants knew of any defect in said weld, and said defects could not be detected by an ordinary, careful inspection, then the plaintiff can not recover in this suit" should have been given. p. 517.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Everett Hawkins against George A. Doyle & Co. and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*Duncan & Batman,* for appellants.
*McHenry Owen,* for appellee.

ROBY, J.—Complaint by appellee in one paragraph; appellants' demurrer thereto was overruled. Answer in general denial, and verdict for $1,200, accompanied by answers to interrogatories. Motions by appellants for judgment on the interrogatories and their answers notwithstanding the general verdict, and for a new trial, were overruled, and judgment was rendered upon the verdict.

It is averred in the complaint that the defendants, Alexander Doyle, as surviving partner of the firm of George Doyle & Co., and Calhan, acting as general superintendent, owned and operated a stone quarry in Lawrence county; that William Benzel was foreman in said quarry, and was authorized to give orders, and that it was appellee's duty to obey his orders; that plaintiff, in accordance with orders given him by said Benzel, was engaged in attaching a car weighing 700 pounds to a carrier which was arranged to run along a wire cable one and one-half inches in diameter and 420 feet long, the same being suspended about ten feet

above the ground; that, while in the car with the foreman, said foreman ordered and directed that the cable be tightened; which was done by turning a swivel attached to the end thereof; that said swivel was old, worn and defective, in that it was cracked and almost broken apart, and was wholly unsuitable and unsafe to support said cable above said car; that defendants were negligent in failing to furnish and maintain a swivel that was reasonably safe for the purpose of tightening said cable, and negligently permitted the use of said swivel, and by reason of such defects and negligence said swivel then and there broke where cracked and defective, as aforesaid, and thereupon said cable fell suddenly with great force, breaking plaintiff's leg and inflicting other injuries; that defendants could have known by an inspection of said swivel that it was old, worn, cracked and defective; that plaintiff had no knowledge of said defects, or of the old, worn condition of said swivel, but relied upon defendants to furnish safe and suitable appliances, and that his injuries were the result of defendants' negligence as set forth. It is objected to the complaint that the negligence counted upon is shown to have been that of a fellow servant. The duty to use reasonable care to furnish safe appliances is the master's duty.

1. It sufficiently appears from the complaint that the defendant was ignorant of the defect on account of which he was injured; "that he had no knowledge whatever of said defects, cracks or the old and worn condition of said swivel." The general allegation of lack of knowledge by the plaintiff includes constructive as well as actual notice. *New Kentucky Coal Co.* v. *Albani* (1895), 12 Ind. App. 497; *Chicago, etc., R. Co.* v. *Tackett* (1904), 33 Ind. App. 379.

2. A number of reasons for a new trial were stated in the motion. A considerable number of the instructions given are defective. The purpose of instructions to the jury is to make its duty plain. The statement of legal prop-

ositions, no matter how nearly correct in the abstract, if they are not pertinent to the issue, tends to defeat the end to be accomplished.

The fourth instruction given at appellee's request relates wholly to the duty of the master in furnishing the servant a safe place at which to work. The negligence charged was in furnishing a defective appliance. It is not every reference to the duty of furnishing a safe place, made in an instruction given in a case involving only the furnishing of safe appliances, that will be ground for reversal. The subjects being so closely related, the measure of duty is similar. *Terre Haute Electric Co.* v. *Kiely* (1905), 35 Ind. App. —.

3. Where the evidence is of an unsatisfactory character, the giving of a separate instruction relative to the duty of the master in furnishing a safe place, and having no relation to the issue, constitutes reversible error. *Romona Oolitic Stone Co.* v. *Phillips* (1894), 11 Ind. App. 118, 137.

4. It was averred in the complaint that the swivel was defective, in that it was cracked and almost broken apart, and that appellants could have known of such defect by an inspection of said swivel. Appellants' contention at the trial was that the defect, the existence of which was not controverted, was one which they could not discover by inspection; that they did inspect the swivel, and that such defect was not known. The swivel which broke was made of one and one-half inch iron. The cause of its breaking was that in welding it the inside had failed to unite. There was evidence to the effect that the outside had done so, and was smooth and perfect.

The twelfth instruction requested by appellants was refused. It was in terms as follows: "If the plaintiff's injuries were caused by reason of the swivel breaking where it was welded, and neither of the defendants knew of any defect in said weld, and said defects could not be detected

by an ordinary, careful inspection, then the plaintiff can not recover in this suit, and you should find for the defendants." A controlling proposition, which it devolved upon appellee to establish, was that the appellants either actually knew of the defect, or would have known of it if they had made a proper use of the means of information which they possessed; and, the failure to inspect being the breach of duty specifically relied upon, it also devolved upon him to show that the defective condition which produced the injury would have been discovered by such an examination as, under the law and circumstances of the case, it was their duty to make. *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151; *Lake Shore, etc., R. Co.* v. *McCormick* (1881), 74 Ind. 440.

The appellee has not called attention to any instruction given which in terms or substance is identical. He asserts that the fact of the defective swivel being used creates liability without other proof of notice. The authorities cited are those in which the negligent act charged is an affirmative one, and done by the master with his own hand, or by another under his order or direction, notice being therefore involved in the doing of the act. *Louisville, etc., R. Co.* v. *Hicks* (1894), 11 Ind. App. 588; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12; *Clear Creek Stone Co.* v. *Dearmin* (1903), 160 Ind. 162; *Consolidated Stone Co.* v. *Morgan* (1903), 160 Ind. 241. It is not necessary to examine the evidence for the purpose of determining whether it tends to show that the swivel used was made by appellants, they being entitled to an instruction in accordance with their theory.

Other questions presented by this appeal ought not to arise upon a retrial of the cause.

Judgment reversed, and cause remanded, with instruction to sustain appellants' motion for a new trial, and for further proceedings not inconsistent herewith.