## NICKEY ET AL. v. DOUGAN.

### [No. 4,669. Filed February 17, 1905.]

1. PLEADING.—*Complaint.—Negligence.—Factory Act.*—A complaint which alleges that defendant "wholly failed, neglected and refused carefully and securely to incase or guard said ripsaw," and negligently failed "to put a proper hood or covering over the top of said saw," and failed to put a "spreader" immediately behind such saw, and by reason of such negligence plaintiff was injured, states a cause of action under the factory act. It is not necessary for the complaint to refer to such act. p. 605.

2. SAME.—*Complaint.—Knowledge of Danger.*—It is not necessary in a complaint for negligence under the factory act to allege that plaintiff had no knowledge of the unguarded condition of the machinery causing the injury, nor that plaintiff did not see and comprehend the danger. p. 606.

3. TRIAL.—*Instructions.—Giving Theory of Complaint in Four Paragraphs.*—Where the complaint was in four paragraphs, the first, for negligence in failure to guard a ripsaw, the second, for improperly guarding a ripsaw, the third, for exposing the plaintiff, who was

inexperienced, to dangers of an unguarded ripsaw, and the fourth, for failure to caution plaintiff as to the dangers, and for negligence of a fellow servant, known by the master to be incompetent, and the court in an instruction outlining the theory of the case to the jury said the "paragraphs were substantially the same," and then detailed the different facts in all of the paragraphs, concluding by the statement "these are the substantial averments of the complaint, each paragraph stating them somewhat differently from the others," such instruction is misleading and submitted the case upon an erroneous theory.   p. 607.

4.  TRIAL.—*Instructions Purporting to Cover Whole Complaint But Not Applicable to One Paragraph.*—Where an instruction purports to apply to the entire complaint consisting of four paragraphs, and the facts contained in such instruction were in no manner connected with one of such paragraphs, such instruction is misleading and erroneous.   p. 611.

5.  SAME.—*Instructions.*—*Issues.*—*Evidence.*—Where the plaintiff testified that he knew the unguarded ripsaw was unsafe and dangerous, it is improper for the court to instruct the jury that "if the plaintiff was ignorant of its unsafe condition" he would be entitled to recover, since instructions should be kept within the issues and the evidence. p. 611.

6.  SAME.—*Instructions.*—*Evidence.*—Where the court instructed the jury that the paragraphs of the complaint were substantially the same, and then gave an instruction as to defendant's liability upon hiring a laborer known to be incompetent, which fact was material only under one paragraph, and about which there was no evidence, such instruction was erroneous.   p. 612.

7.  SAME.—*Merits of Cause.*—Whether a cause has been tried upon its merits is a judicial question, and where the record shows error to the injury of the complaining party, such record shows the cause has not been tried upon its merits.   p. 613.

From Dubois Circuit Court; *Eugene A. Ely,* Judge.

Action by Virgil Dougan against William E. Nickey and others.   From a judgment for plaintiff, defendants appeal. *Reversed.*

*Lucius C. Embree, John H. Miller, Luther Benson, John F. Tieman* and *James W. Westfall,* for appellants.

*William E. Cox, W. S. Hunter, Leo H. Fisher, A. L. Gray* and *H. M. Keane,* for appellee.

WILEY, J.—Action by appellee against appellants to recover damages resulting from their alleged negligence.   The

complaint is in four paragraphs, to which an answer in de-
nial was filed. The sufficiency of the complaint was not
tested by a demurrer below. The appellee petitioned the
court for leave to prosecute the action as a poor person,
which petition the court granted. The cause was tried by a
jury, resulting in a verdict, based upon the first, second and
third paragraphs of the complaint, in the sum of $2,500.
With their verdict the jury also answered a series of inter-
rogatories submitted to them. The appellants' motion for
judgment on the answers to interrogatories was overruled,
as was also the motion for a new trial.

By their first specification of the assignment of error, ap-
pellants aver "that the complaint does not state facts suffi-
cient to constitute a cause of action;" by the second specifi-
cation they predicate error in the overruling of their motion
for judgment on their answers to interrogatories, and by the
third specification they aver that the court erred in over-
ruling their motion for a new trial.

In the first paragraph of complaint it is averred that ap-
pellee was a minor, being twenty years of age; that appel-
lants were partners in the operation of a sawmill, which saw-
mill was equipped, among other things, with a ripsaw about
twelve inches in diameter; that the operation of the saw re-
quired two men, one to feed it and the other to receive the
planks after they had been pushed through the saw; that
appellee was engaged in appellants' service in feeding said
saw, and that appellants were negligent in that they "wholly
failed, neglected and refused carefully and securely to in-
case or guard said ripsaw, so as to protect said employes
while engaged in work near, around and about said saw, and
by negligently failing to put a proper hood or covering over
the top of said saw, and by failing to put a spike, or what is
commonly called in sawmills a 'spreader,' immediately be-
hind said saw, of sufficient height to prevent said saw from
catching lumber, planks or boards, when the same would
be thrown upon said saw, and hurling the same with great

force and speed back, towards, at and against the person or employe engaged in feeding said saw; that on said 10th day of July, 1901, appellee was engaged at work for the said defendants in feeding said ripsaw; that it became and was a part of his duties, as an employe of defendants, at said time, to push and shove said plank, lumber, boards and timber upon, on and along a table about twelve feet long, upon which said ripsaw was then and there being run and operated, * * * for the purpose of ripping, cutting and sawing said lumber, planks and boards; that at said time said defendants had in their employ one Barney Cooper, for the purpose of aiding and assisting this plaintiff in his said work around and about said saw; that said Barney Cooper took hold of and caught a plank or board, and attempted to shove the same back to this said plaintiff for the purpose of having the same resawed; that, in doing so, said plank, on account of the failure and neglect of said defendants securely to guard and protect said saw with a hood or covering therefor, or with a spike or spreader of sufficient height to prevent said saw from catching said plank—plaintiff says that said saw, on account of the failure of the defendants securely to guard and protect the same, as aforesaid, caught said plank and hurled it at and against him with great force and speed." It is further averred that, by reason of said negligence, appellee, without any fault or negligence on his part, was severely and permanently injured.

The verdict shows that it rests upon the first, second and third paragraphs of complaint. This eliminates from the record, so far as the appeal is concerned, the fourth paragraph; and, in passing upon the sufficiency of the complaint, as raised by the assignment of errors, if we find that one paragraph is good, even though the second and third are bad, the assignment is unavailing. We will therefore consider the sufficiency of the first paragraph, and, if we find it good, our inquiry, in this regard, need not be pursued further.

By the assignment of errors the complaint is attacked as an entirety. It follows that if any one of the three paragraphs states facts sufficient to constitute a cause of action the assignment will not avail. *Thatcher* v. *Turney* (1893), 7 Ind. App. 667, and cases there cited.

There is a sharp controversy between counsel as to whether the complaint proceeds upon the theory of a common-law liability, or upon the theory that appellee's injuries resulted from a failure of appellants to perform a duty imposed upon them by statute, requiring them properly to guard the saw with which appellee was working. If, as counsel for appellants insist, each paragraph proceeds upon the theory of a common law liability, then neither of them is sufficient, because of a failure to aver that appellee did not know the dangerous condition of the saw while he was operating it. Taking the allegations of each paragraph as a whole, we have reached the conclusion that appellee bottoms his right to recover for the injuries he sustained upon the failure of appellants to perform the duty laid upon them by section nine of what is commonly known as the factory act of 1899 (Acts 1899, p. 231, §7087i Burns 1901).

1. In the first paragraph it is averred that appellants "wholly failed, neglected and refused carefully and securely to incase or guard said ripsaw, so as to protect said employes while engaged in work near, around and about said saw, and by negligently failing to put a proper hood or covering over the top of said saw, and by failing to put a spike, or what is commonly called in sawmills a 'spreader,' immediately behind said saw, of sufficient height to prevent said saw from catching lumber," etc. The statute (§7087i, *supra,*) provides: "All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein shall be properly guarded." By the averments of the first paragraph of the complaint it is specifically charged that appellants wholly failed to discharge this statutory duty, and that, by reason of such failure, appellee was in-

jured. True, the complaint makes no reference to this stat-
ute, but it is not necessary, for by its general averments it
clearly appears that it counts upon the statute. This exact
question was decided in the case of *Monteith* v. *Kokomo,
etc., Co.* (1902), 159 Ind. 149, 58 L. R. A. 944. In *Bueh-
ner Chair Co.* v. *Feulner* (1902), 28 Ind. App. 479, a com-
plaint substantially like this was held good.

2. In such case it is not necessary for a complaint to
state that the plaintiff had no knowledge of the unguarded
condition of the saw, and the dangers resulting therefrom.
Statutes of the character of the factory act of 1899
impose specific obligations, and a failure to comply
with such obligations is an unlawful act of omission—a
plain breach of a particular duty owing to the servant—and
generally constitutes negligence *per se."* *Monteith* v. *Ko-
komo, etc., Co., supra,* and authorities there cited. Under
the provision of the statute quoted, appellant was not re-
quired to aver in his complaint that he had no knowledge of
the fact that the saw was unguarded, or that he did not see
and comprehend such danger as arose from its condition.
*Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind. App.
—; *Monteith* v. *Kokomo, etc., Co., supra; Buehner Chair
Co.* v. *Feulner, supra; Blanchard-Hamilton Furniture Co.*
v. *Colvin* (1904), 32 Ind. App. 398. Under the authorities
cited, the first paragraph of the complaint is clearly suffi-
cient. This makes it unnecessary for us to consider the re-
maining paragraphs, for, having reached the conclusion that
the first is good, the assignment, which assaults the com-
plaint as an entirety, is unavailing.

This brings us to the consideration of the questions pre-
sented in argument, which arose under appellants' motion
for a new trial. Counsel for appellants have confined their
argument to three propositions: (1) That the verdict was
contrary to law and not sustained by sufficient evidence;
(2) the error of the court in refusing to discharge the jury
on account of misconduct of one of appellee's counsel in

his opening statement to the jury; (3) that the trial court erred in giving certain instructions. All other questions raised by the motion for a new trial are expressly waived. Under the specification of the assignment that the court erred in overruling appellants' motion for a new trial, we will first consider that part of the motion which attacks certain instructions given by the court upon its own motion.

3. In instruction number one, the trial judge undertook to define the issues tendered by the complaint, and it is urged by counsel that the instruction was erroneous, in that it did not discriminate between the facts pleaded in the several paragraphs. It must be kept in mind that the complaint was in four paragraphs, and that all of them differed in material averments. It should also be remembered that the jury based its verdict upon the first, second and third paragraphs. The court's first instruction is the only one given which attempts to exemplify the issues. The material statements of this instruction are that the complaint is in four paragraphs; that they all charge that appellants employed appellee to operate a ripsaw, and one Barney Cooper to assist him; that appellee was but nineteen years old, and inexperienced in the use and operation of a ripsaw; that appellants negligently failed properly to equip and guard said saw, so as to make it reasonably safe for appellee's use; that the spreader used was too short, and set too far back from the saw to make it reasonably safe for use; that the appellants knew, and that appellee did not know, that it was dangerous to operate the saw as thus equipped and guarded; that Barney Cooper was incompetent and unable to act as off-bearer and assist in the operation of the saw, and that appellants knew, and appellee did not know, said Cooper was so unfit and incompetent. The court then said to the jury: "These are the substantial averments of the complaint, each paragraph stating them somewhat different from the others." The court further said to the jury that, "If the averments of one or more paragraphs of the complaint have

been established by a preponderance of the evidence in the case, it will be your duty to find for the plaintiff."

Counsel for appellants urge three objections to this instruction: (a) That by it the court advised the jury that each of the four paragraphs of complaint was substantially the same in its averments as the other three; (b) that it erroneously stated to the jury that each paragraph contained the allegation that the "defendants knew, and that the plaintiff did not know, that it was dangerous to operate the saw as thus equipped and guarded; that Barney Cooper was incompetent and unable to act as off-bearer and assist in the operation of said saw, and that defendants knew, and plaintiff did not know, that said Cooper was unfit and incompetent as aforesaid;" and (c) in advising the jury that, if they found that the averments of one or more of the paragraphs of the complaint had been established by a preponderance of the evidence, in that event it would be their duty to find for the appellee.

It requires but a casual glance at the four paragraphs of complaint to discover that they are radically different in their material averments, and proceed upon different theories. The first paragraph proceeds upon the theory that the saw was wholly unguarded by a spike or spreader or hood of any kind, and that by reason thereof a plank or board, which Cooper was passing back to appellee to be re-sawed, came in contact with the saw, and was hurled with much force against appellee, causing his injury, etc. It was upon this theory of the unguarded condition of the saw that we have held the first paragraph good. In this paragraph no attempt is made to charge appellants with knowledge that the saw was dangerous, or a denial that appellee did not know that it was dangerous. Neither is it attempted to aver that appellants knew, and appellee did not know, that Barney Cooper was incompetent and unable to act as off-bearer.

The second paragraph proceeds upon the theory that the ripsaw was guarded, but that it was improperly guarded, in

that the spreader or spike used was not high enough, and was set too far back from the saw to protect the operator from danger, and that it had no covering or hood over it to provide against such danger. This paragraph does aver that appellants knew that it was unsafe to operate the saw as thus equipped and guarded, but that appellee was "ignorant of and inexperienced with such saws and machinery, and was unable to know or discover any defects therein, or any lack of proper protection or safeguards required to make the same safe and secure to persons engaged in operating the same, and he supposed and believed that said defendants had properly protected and guarded said saw by the proper use of all proper guards, shields and other necessary protecting appliances, so as to render the same safe and secure while running and operating the same." It will be observed that there is no direct charge in this paragraph of ignorance of the danger on the part of appellee.

The third paragraph is more like the second than any of the others, but differs from it in that it charges that appellee had no knowledge or experience in handling machinery, that appellants had not warned him of the danger of the work in which he was engaged; that he believed, and relied upon the belief, that appellants would not needlessly or carelessly expose him to unnecessary danger by requiring him to work with machinery which was not properly and securely guarded; and that he believed, and relied upon the belief, that the spreader or spike was properly set and adjusted so as to prevent the saw from catching boards, etc. The specific charge of negligence in this paragraph is appellants' failure properly to protect appellee from danger by failing to use a spreader or spike of sufficient height, and failing to adjust it in close proximity to the saw, and by failing to use a hood or cover above the saw. In this paragraph there is no charge of the knowledge of danger on the part of appel-

lants, and want of such knowledge on the part of appellee. Neither is there any charge of appellants' knowledge of Cooper's incompetency, nor appellee's ignorance thereof.

The theory of the fourth paragraph is that appellee was ignorant of the fact that the saw was dangerous; that appellants had not warned him of such danger, nor instructed him in relation thereto; that appellants were negligent in hiring Cooper as helper; that Cooper was too young and inexperienced to perform the work assigned to him; that the work assigned to Cooper required the physical strength and endurance of a man of mature strength and years; that, by reason of the arduous work devolving upon him, said Cooper would become physically exhausted and unable to perform his work; that appellants well knew these facts when they employed said Cooper and that appellee was ignorant thereof, and did not receive any knowledge of the same.

The first instruction, read in the light of this résumé of the several paragraphs of complaint—and applied to them as a whole, is erroneous. One of the highest duties of a trial court is to state correctly to the jury the issues tendered by the pleadings. The issues as stated and defined by the court are for the guidance of the jury, and to them become the law of the case. The jury are bound by such instructions, for they must take the law as given by the court. By this instruction the court told the jury that all four of the paragraphs were substantially the same, and that they all charged that appellants knew, and appellee did not know, that it was dangerous to operate the saw as it was guarded and equipped; that appellants knew, and appellee did not know, that Barney Cooper was incompetent and unfit to discharge his duties as helper; and, notwithstanding the radical difference in the several paragraphs, the court, in the same instruction, told the jury that if they found that the averments of either paragraph had been established by a preponderance of the evidence, their verdict should be for

the appellee, without even qualifying the statement that they should have regard for any defense which appellants might have established. The only paragraph of complaint that contained the several elements of negligence expressed in the instruction, was the fourth, and upon that paragraph the jury found for the appellants. It is evident, therefore, that the jury were misled by the instruction. The jury had a right to rely upon what the court told them as to the averments of the complaint. After they had eliminated from their deliberations the fourth paragraph, they were still confronted with the fact that the court had told them all the paragraphs were substantially the same, and it necessarily follows that they may have based their verdict on the several acts of negligence, which the court told them were embraced alike in each and all paragraphs.

The weight of the authorities establish the rule that the instructions must be applicable and limited to the issues raised by the pleadings, and that it is error to give an instruction which does not conform to this rule. The instruction as given was based upon a misconception of the issuable facts tendered by the several paragraphs of complaint, and submitted the case to the jury upon an erroneous theory. This must be held to be reversible error. *Union Cent. Life Ins. Co.* v. *Huyck* (1892), 5 Ind. App. 474; *Howe Machine Co.* v. *Reber* (1879), 66 Ind. 498; *Jeffersonville, etc., R. Co.* v. *Lyon* (1877), 55 Ind. 477; *Lindley* v. *Sullivan* (1893), 133 Ind. 588; 11 Ency. Pl. and Pr., pp. 161, 162, and authorities there cited.

4. The second instruction, read in connection with the first, is also erroneous, for it is made to apply to the complaint as an entirety, and embraces knowledge of danger on the part of appellants, and ignorance of the danger on the part of the appellee, while these elements of knowledge on appellants' part and ignorance on appellee's part do not enter into all the paragraphs of complaint.

5. Another objection to this instruction is that it is not

in harmony with the undisputed evidence as to appellee's knowledge of the danger. The court told the jury, among other things, that "if the plaintiff was ignorant of its [the saw's] unsafe condition," etc., he would be entitled to recover. The question of appellee's knowledge of the unsafe condition of the saw, and of his continuing to use it, without complaint, after learning of the danger, is eliminated by his own testimony and admissions. He testified that he knew the saw was dangerous and unsafe. This fact stands unchallenged, and yet the court tells the jury they must find for appellee if he was ignorant of the unsafe condition of the saw. Instructions should be not only within the issues, but also within the evidence.

6. The eleventh instruction must also be read in the light of the first, for by the first the jury are told that each paragraph of the complaint charges substantially the same acts of negligence. In the eleventh instruction the court told the jury if appellants knew that Cooper was careless or negligent in performing the work assigned him, and kept him in their employ with a knowledge of his carelessness and negligence, and appellee was ignorant thereof, and appellee's injuries resulted from Cooper's negligence and carelessness, then appellee would be entitled to recover. There is no charge in the complaint that Cooper was careless or negligent, or that appellants knew that he was careless or negligent. No charge of any character is made in the complaint against Cooper, except in the fourth; and as far as that goes is to aver that by reason of his age and strength he was incompetent to do the work assigned him, and that appellants knew, and appellee was ignorant of, that fact. These averments find no support in the evidence, and the jury so declared by their verdict. There is no charge in any paragraph that Cooper was either careless or negligent. As appellee does not base his right to recover upon the negligence or carelessness of a co-employe, nor charge that appellants knew of such carelessness or negligence, and that he

was ignorant thereof, the instruction is not within the issues or the evidence, and hence erroneous. There is a vast difference between incompetency, resulting from youth and want of strength, and carelessness or negligence, resulting from an act of commission or omission. An instruction which has no application to any issue is erroneous and harmful. The error of this instruction is emphasized in this case by the first instruction given, wherein the court epitomized all the acts of negligence charged, and told the jury that they were equally applicable to all four paragraphs of complaint.

Other instructions are not beyond criticism, but the errors with which they are burdened are not likely to occur in a subsequent trial of the case.

Counsel for appellee have not submitted any argument in support of the court's instructions. While they do not, in terms, admit that any of them are erroneous, they seek to avoid their apparent error by invoking the shield of the statute which forbids the reversal of a judgment where it appears to the appellate tribunal that the cause has been fairly tried and determined in the court below; also, that erroneous instructions will not be cause for reversal when the verdict is right upon the evidence; also, that the burden is upon the party asserting error to show injury; and, also, that if all the instructions considered together state the law correctly, as applied to the issues and evidence, there is no reversible error, even though a single instruction, when standing alone, would be inaccurate and erroneous.

7.   The provision the legislature has made to the effect that a judgment shall not be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below, is a wise and judicious one. Both the Supreme and this Court have had frequent occasions to avail themselves of the broad latitude thus given them, but it must be observed that the legislature did not make any attempt to invade the prerogative of the courts to correct errors of

law in any cause which worked to the injury of the complaining party, for it is still left with the court to determine from the whole record whether the "merits of the cause have been fairly tried and determined in the court below." When it appears to the appellate tribunal that any error has intervened that worked to the injury of a party, and he has properly brought that error into review, then it can no longer be said that the merits of the cause have been fairly tried. It is not all errors that are cause for reversal, but errors that prejudice the rights of a litigant, or deprive him of a fair consideration of the merits of his cause before a court or jury, can not be said to be harmless..

We can not uphold this judgment upon the proposition that erroneous instructions are not cause for reversal, when the verdict is right upon the evidence, for the reason that we can not say, in view of the evidence, and the law as given by the court, upon which and by which the jury determined the rights of the parties, that the verdict is right upon the evidence. Neither can we uphold the judgment upon the last proposition relied upon by appellee—that if the instructions, considered together, state the law correctly as applied to the issues and evidence, a single erroneous instruction is not sufficient to warrant a reversal—for, as we have seen, the instructions considered as a whole do not correctly state the law. Again, where an erroneous instruction is given, it is subject to the qualification that the court in the particular case on appeal must be satisfied that the jury was not misled by the error. *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80.

Having come to the conclusion that the judgment must be reversed by reason of the erroneous instructions given, we do not deem it necessary to decide the other questions presented. They may not arise in a subsequent trial, and should we decide them in this appeal, when it is unnecessary to do so, it might foreclose some rights of the parties.

The judgment is reversed, and the court below is directed to sustain appellants' motion for a new trial, and for further proceedings not inconsistent with this opinion.