# PLUMMER *v.* THE INDIANAPOLIS UNION RAILWAY COMPANY.

[No. 8,257. Filed March 20, 1914. Rehearing denied May 26, 1914. Transfer denied July 1, 1914.]

1. APPEAL.—*Brief.*—*Waiver of Error.*—Alleged error in the giving of an instruction is waived by appellant's failure to discuss it in his brief. p. 617.

2. APPEAL.—*Review.*—*Refusal of Instruction.*—*Erroneous Assumption of Facts.*—An instruction which assumed as proven a material fact as to which there was much controversy in the evidence, was properly refused. p. 617.

3. RAILROADS.—*Crossing Accidents.*—*Contributory Negligence.*—*Instructions.*—In an action against a railroad company for the death of plaintiff's son, ten years old, who was run over at a street crossing, an instruction stating that a boy is required to exercise such amount of care as is in accord with his maturity, experience and capacity as he approaches a railroad crossing, that the amount of such care to be exercised by him is to be determined by the jury upon the proof of all the facts and circumstances in the testimony, and that there is no presumption that such a boy has not the ability to exercise some care in approaching a railroad crossing, was not misleading and stated a proper standard of responsibility. p. 617.

4. RAILROADS.—*Crossing Accidents.*—*Issues and Proof.*—*Instructions.*—Where the complaint in an action for damages against a railroad company contained no general averment of negligence, but charged specific negligence in failing to ring the bell and in running the train at excessive speed in violation of a city ordinance, and all the proof was presented with a view to establishing and denying such charges, the court properly refused an instruction on the doctrine of last clear chance. p. 618.

5. TRIAL.—*Instructions.*—*Purpose.*—The purpose of an instruction is to inform the jury upon the law applicable to the pleadings and the evidence, so as to aid it in reaching a correct verdict. p. 618.

6. APPEAL.—*Questions Reviewable.*—*Refusal of Instruction.*—*Modified Instructions.*—Where a requested instruction was modified by the court and given as one of the instructions of its own motion, the refusal to give the instruction as requested was proper. p. 618.

7. RAILROADS.— *Crossing Accidents.*— *Evidence.*— *Instructions.*—In an action for the death of plaintiff's son who was killed by defendant's train at a street crossing, where the negligence charged

consisted in defendant's operation of the train in violation of a city ordinance, *prima facie* proof that the ordinance was in force and effect was made by reading of the same in evidence without objection, and an instruction stating that the questions whether such ordinance was in force and effect, and whether defendant was performing the duties, if any, imposed thereby, were questions of fact for the jury to determine, was erroneous, since the determination that the ordinance was in effect was a question of law, and, in view of its provisions, duties were thereby imposed if defendant operated its train in the city, and the jury may have been misled thereby.  p. 619.

8. APPEAL.—*Presumptions.—Effect of Erroneous Instruction.*—An erroneous instruction will be presumed to have been harmful in the absence of an affirmative showing to the contrary.  p. 620.

From Superior Court of Marion County (80,624); *Charles J. Orbison,* Judge.

Action by Frank Plummer against The Indianapolis Union Railway Company. From a judgment for the defendant, the plaintiff appeals. *Reversed.*

*George W. Galvin,* for appellant.
*Baker & Daniels,* for appellee.

IBACH, J.—This is a plain tort action wherein appellant seeks to recover damages which, it is alleged, he sustained on account of the negligent killing of his minor son. The complaint proceeds upon the theory that appellee was negligent in running one of its engines and train of cars over the crossing at Sheldon Street in the city of Indianapolis at a rate of speed in excess of four miles an hour, and without ringing the bell on the engine, in violation of one of the ordinances of the city, and that such violation of law was the proximate cause of the injury and death of plaintiff's son. The issues were closed by an answer in general denial, the cause was submitted to a jury for trial, verdict for appellee was returned, and over appellant's motion for new trial, judgment was rendered on the verdict.

The appeal questions the action of the trial court in refusing to grant appellant's motion for new trial, upon the

grounds that the court erred in refusing to give instructions Nos. 1 and 13, at appellant's request, in giving instructions Nos. 1 and 2 at appellee's request, and in giving certain instructions upon its own motion, and that the verdict is not sustained by sufficient evidence and is contrary to law.

1. Error relative to the failure to give instruction No. 13 requested by appellant has been waived by failure to discuss it. Instruction No. 1 tendered

2. by appellant was defective in that it assumed as having been proven, the presence of an engine on another track near by at the time of the accident, a material fact which was seriously controverted by all of appellee's witnesses, and was one of the facts to be determined by the jury from all of the evidence. That portion of the instruction which correctly dealt with the degree of care required of a child who attempts to cross a railroad track at a street crossing was in most respects covered by other instructions given.

Instruction No. 7¾ given on the court's own motion states that "It is the undisputed evidence that plaintiff's son,

3. Harold Plummer, at the time he sustained the injuries which caused his death was a boy ten years of age, with all his limbs and organs in natural condition, of average intelligence, and familiar with the crossing of Sheldon Street and Belt railroad tracks. It is the law that such a boy is required to exercise such an amount of care as is in accord with his maturity, experience and capacity as he approaches a railroad crossing, and that the amount of care so to be exercised by him is to be determined by the jury upon the proof of all the facts and circumstances in the testimony, but there is no presumption that such a boy has not the ability to exercise some amount of care as he approaches a railroad crossing." In this and other instructions the court stated a proper standard of responsibility, and left to the jury the question of the degree of care to be exercised by appellant's son upon all the circum-

stances found. We can not agree with appellant that this instruction was vicious and misleading. If he desired an instruction which more fully contained the points presented in this one, it was his duty to prepare an instruction upon the subject, and tender it to the court.

The complaint contains no general averments of negligence but charges, as above stated, two specific acts of negligence on appellee's part, in failing to ring the bell on the engine, and in running its engine and train of cars at a rate of speed in violation of the city ordinance. Appellant presented all of his proof with respect to these acts of negligence, and appellee directed its proof to a denial of such acts. Instructions are intended only to inform the jury upon the law applicable to the pleadings and the evidence, so as to aid the jury in reaching a correct verdict under the evidence. So that the court did not err in failing to instruct the jury on the doctrine of the last clear chance, as that doctrine was not presented either by the issues or the evidence. *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 74 N. E. 509; *Doyle & Co.* v. *Hawkins* (1905), 34 Ind. App. 514, 73 N. E. 200; *Nickey* v. *Dougan* (1905), 34 Ind. App. 601, 73 N. E. 288; *Chicago, etc., R. Co.* v. *Thrasher* (1905), 35 Ind. App. 58, 73 N. E. 829; *Baltimore, etc., R. Co.* v. *Walker* (1908), 41 Ind. App. 588, 84 N. E. 730; *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3, 80 N. E. 845; *City of Muncie* v. *Hey* (1905), 164 Ind. 570, 74 N. E. 250; *Kackley* v. *Evansville, etc., R. Co.* (1893), 7 Ind. App. 169, 34 N. E. 532; *City of Bloomington* v. *Woodworth* (1907), 40 Ind. App. 373, 81 N. E. 611; *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941. Instruction No. 2 requested by appellee was not given as presented, but as modified, being instruction No. 7¾ on the court's own motion. Therefore the assignment that the court erred in giving appellee's instruction No. 2 presents

no question (§561 Burns 1914, Acts 1907 p. 652), and we have previously approved instruction No. 7¾.

Plaintiff introduced in evidence and read from the ordinance book of the city of Indianapolis, without objection, to prove the ordinances alleged in the complaint.

7. There was no other evidence relating to these ordinances, thus nothing tending to disprove the *prima facie* proof that the ordinances were in force and effect, made by reading from the ordinance book. §8654 Burns 1914, Acts 1905 p. 219, §55; *Pittsburgh, etc., R. Co.* v. *Rogers* (1910), 45 Ind. App. 230, 87 N. E. 28; *Lake Erie, etc., R. Co.* v. *Brafford* (1896), 15 Ind. App. 655, 44 N. E. 551. In this state of the evidence the court by instructions Nos. 10 and 12 told the jury, "If you find by a fair preponderance of all the evidence given in the cause that the ordinances of the city of Indianapolis, alleged in the complaint, were in force in said city on the 18th day of September, 1909, and that the same imposed any duties upon the defendant at the time said Harold Plummer is alleged to have been injured," then if the jury finds that failure to perform the duties imposed by the ordinances was the proximate cause of Harold Plummer's injury, and he was not guilty of contributory negligence, the plaintiff would be entitled to recover, and "whether or not such ordinances were in force and effect at such time and place, and whether or not the defendant was performing the duties, if any, imposed thereby, are questions of fact for you to determine from all the evidence given in the cause." The quoted portions of the instructions are erroneous in leaving to the jury to decide as a question of fact that which, under the evidence, the court should have determined as a matter of law, namely, that the ordinances alleged in the complaint were in full force and effect at the time of the injury, and that these ordinances imposed certain duties upon appellee, as the operator of trains in the city of Indianapolis. Appellant had made *prima facie* proof, by reading from the ordinance

book without objection, that the ordinances were in force and effect at that time, and in the absence of controverting evidence, was entitled to an instruction that they were in force. The language of the ordinances was such, that in order to show that they imposed duties upon appellee, it was only necessary to show that appellee operated trains in the city of Indianapolis, and it was not a question of fact as to whether any duties were imposed by the ordinances. By these instructions the jury, however, might have understood that it had a right to infer from the evidence either that these ordinances were not in force at the time of the injury, or that they imposed no duties on the operators of trains in the city. When the court thus erroneously instructed the jury, an opening was left for argument on the part of counsel that appellant had not proved the ordinances in force, since he did not show when they were passed, nor that they had not been repealed prior to the accident. The jury, which we can not presume to have known that the evidence relating to these ordinances was conclusive in the absence of controverting evidence, may have considered it not sufficiently shown that these ordinances were in force and effect when Harold Plummer was injured, and may have based its verdict on

8. such ground. It is the well-settled rule that the giving of an erroneous instruction is presumed to be harmful, and is reversible error unless it affirmatively appears that the appellant was not harmed. We can not say that appellant was not harmed by the giving of instructions Nos. 10 and 12, and for their giving the judgment is reversed.

NOTE.—Reported in 104 N. E. 601. As to negligence on the part of children, see 49 Am. St. 412. As to children trespassing on railroad track and company's duty in that connection, see 82 Am. St. 158. As to the contributory negligence of children, see 1 Ann. Cas. 895; 17 Ann. Cas. 353; Ann. Cas. 1913 B 969. See, also, under (1) 3 Cyc. 388; (2) 38 Cyc. 1657; (3) 33 Cyc. 1138; (4) 33 Cyc. 1132; (5) 38 Cyc. 1594; (6) 38 Cyc. 1720, 1711; (7) 33 Cyc. 1097; (8) 3 Cyc. 386.