THE UNION RAILWAY AND TRANSIT COMPANY

*v.*

THOMAS KALLAHER, Jr., Admr.

*Filed at Mt. Vernon June 13, 1885.*

1. NEGLIGENCE—*two corporations acting together—when the servants of one to be regarded as also the servants of the other.* In an action to recover for the death of the plaintiff's intestate, occasioned, as was alleged, by the wrongful act of the servants of the defendant company, a railway and transit company engaged in transferring, with its own motive power, trains of cars over the St. Louis bridge across the Mississippi river, it appeared this service was performed under a private arrangement between the defendant company and another corporation—the bridge company—for a compensation paid by the latter company, the two companies thus acting together in the transportation of passengers over the bridge, and in that regard there was concert of action between them. The collector of fares for the bridge company was on the trains crossing the bridge, by the consent, and certainly with the knowledge, of the defendant company, and it permitted that servant of the bridge company to control the movements of its trains. On the occasion in question, the plaintiff's intestate was a passenger on one of defendant's trains, and while the train was passing over one of the approaches to the bridge it was stopped in obedience to a signal given by the collector of fares for the bridge company, and by his direction the passenger was put off the train upon a trestle, from which he fell and was killed. It was *held*, as affecting the question of the liability of the defendant, that the collector of fares for the bridge company, while he was the servant of that company, was to be considered, for the time being, at least, and while so engaged on the train, as the servant of the defendant also.

2. INSTRUCTION—*amendment by erasure, leaving words still legible.* It was objected that in erasing a sentence from an instruction, the words were still legible. The matter intended to be stricken out was of no importance whatever, and it mattered little whether the jury could still read it or not. The words so crossed out were still legible, but not plainly so, and it was not likely any jury would consider them after they had been erased in that manner. There was nothing in the objection.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. G. & G. A. KOERNER, for the appellant.

Mr. CHARLES W. THOMAS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought in the circuit court of St. Clair county, by Thomas Kallaher, Jr., administrator of the estate of Thomas Kallaher, Sr., deceased, against the Union Railway and Transit Company, to recover damages resulting to the next of kin on account of the death of the intestate, which it is averred was caused by the wrongful conduct of defendant.

It is averred in the declaration that on the 22d day of September, 1878, defendant was operating a railroad on the Illinois and St. Louis bridge and its approaches, between the Union depot in St. Louis and the relay depot in East St. Louis, and that defendant was a common carrier, and carried passengers for hire; that the intestate, Thomas Kallaher, Sr., became a passenger on one of defendant's trains, and that while he was such passenger, defendant's servants unlawfully and forcibly ejected him from such train, and compelled him to leave it, in the night time, upon the approach to the bridge, at a place where the train was upon an open piece of trestlework elevated a great distance above the ground, and where it was dangerous and unsafe for a man to be afoot, and where there was no regular or usual stopping place or station for taking on or putting off passengers, and that the intestate, without any fault on his part, while endeavoring to escape from such dangerous place, was precipitated to the ground and instantly killed.    The declaration contains the usual averments as to the next of kin, and the appointment of plaintiff as administrator of the estate of the intestate, and that whatever damages might be recovered could be distributed under the provisions of the statute.    Two amended counts were added to the declaration by leave of

court, in which it was more definitely stated defendant's servants assaulted the deceased, and carelessly and negligently ejected him from the cars in the night time, and at a place on its railroad where there is open and unguarded trestlework elevated a great distance above the ground. To the declaration averring the facts relied on to show a cause of action, defendant pleaded not guilty. It seems the case was three times submitted to a jury for trial. On the last trial the jury found the issues for plaintiff, and assessed his damages at the sum of $5000. The motion made for a new trial was overruled, and the court entered judgment on the verdict. That judgment was affirmed in the Appellate Court for the Fourth District, and defendant brings the case to this court on its further appeal.

This court is not asked to pass upon the facts of the case any further than to find whether they give countenance to the instructions complained of. With that view the testimony has been subjected to a careful examination. Whether the evidence sustains the averments of the declaration, is, of course, a question not open to investigation in this court. The duty and responsibility of ascertaining that fact are devolved by law upon the trial and Appellate courts, and the judgment of the latter court on all controverted questions of fact is made conclusive on this court.

Only two instructions were given for plaintiff, to both of which defendant has saved exceptions in the usual way. It is not insisted the first instruction does not state a correct principle of law, but the objection taken is, there is not a particle of evidence deceased exercised ordinary care for his personal safety. It is true, as counsel contend, the record contains little, if any, direct testimony concerning the care the intestate observed; but it must be remembered the accident occurred in the night time, and at a point where it was seen by only a few persons. All the facts and circumstances connected with the casualty were proven by the best evidence

obtainable, and it is thought there was enough in the case to warrant the court in giving the instruction, as was done.

As respects the second instruction given for plaintiff, it is said there was no proof the servants of the two companies acted together in the transportation of passengers, nor was there any evidence the bridge company exercised any authority, or performed duties thereon, with the knowledge and permission of defendant. It is thought the testimony in the record proves more on this branch of the case than the objection taken seems to concede. There is evidence the bridge company employed defendant, and paid it a compensation for taking trains over the bridge. This, of course, was a private arrangement between the two corporations. In that way the two corporations,—defendant corporation and the bridge company,—acted together in the transportation of passengers over the bridge, and there was concert of action between them. But more than this, in fact, appears from the testimony. The special business of defendant, as is proven, was to take with its own motive power all trains arriving at and departing from St. Louis, over the bridge,—that is, from the relay depot in East St. Louis to the Union depot in St. Louis, and from the Union depot to the relay depot. It is further proven the collector of fares for the bridge company was on the train by the consent, and certainly with the knowledge, of defendant, and it permitted that servant of the bridge company to control the movements of the train. It appears the defendant stopped the train in obedience to the signal given by the servant of the bridge company, and for the time being, at least, and while so engaged on the train, he must be regarded as the servant of defendant, also. In this view the instruction states the law with sufficient accuracy.

The modification made to the first of defendant's instructions by adding an explanatory sentence, was proper enough to be made; but complaint is made of the action of the court in striking out the last sentence of the instruction in such a

manner as to be still legible. The matter stricken out in that manner was of no importance whatever, and it matters little whether the jury could still read it or not. The words so crossed out were still legible, but not plainly so, and it would seem that no jury would consider them after they had been erased in that manner. The objection has really nothing in its support.

Nor was there any error in the action of the court in cutting off the last sentence of the third instruction asked by defendant. It did not state a correct principle of law. The credibility of the several witnesses is a question for the jury, concerning which it is not the province of the court to express an opinion.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*