## COMMONWEALTH *vs.* JONATHAN R. HASKELL.

Worcester.   Sept. 29. — Oct. 6, 1885.   FIELD & C. ALLEN, JJ., absent.

At the trial of a criminal case, the district attorney, in his argument before the jury, commented on the fact that the defendant had not called as a witness a certain person, who was absent from the Commonwealth, and who had testified for the defendant at a former trial.   The defendant asked the judge to rule that, if such person was a material witness, "it was the duty of the government, rather than of the defence, to hold him as a witness;" but the judge declined so to rule.   *Held,* that the defendant had no ground of exception.

INDICTMENT charging the defendant with burning, on June 22, 1882, a certain building, owned by one Joseph Cushing, situate in Fitchburg, and used by the defendant as a candy manufactory.   Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

It appeared in the evidence put in by the government, that the defendant and one York, who was his partner in the manufacture of candy in the building burnt, were in the factory on the night of the fire, about half an hour before the burning; that York had that afternoon taken away to Ayer a load of candy, and had returned to Fitchburg that evening for a sample case; that York was arrested for participation in the burning, and was discharged after a hearing before the Fitchburg Police Court, and he thereafter testified as a witness for the defendant at his first trial.   Upon cross-examination of the defendant, who testified in his own behalf, he was asked as to the present whereabouts of York, and replied that he was in Iowa.   It further appeared that, at a former trial, the defendant testified that York and his wife were both at the shop on the evening of the fire.   The first trial of the defendant took place at August term, 1882, the second trial at October term, 1884, and the third and last at January term, 1885.   York was not a witness at the last two trials, and was absent from the Commonwealth and in Iowa at both times.   In his argument before the jury, the district attorney commented on the fact that the defendant had not called York as a witness, or had his deposition taken; and contended that he dared not do either.

The defendant asked the judge to instruct the jury as follows : " If York was a material witness, it was the duty of the government, rather than of the defence, to hold him as a witness ; " but the judge declined so to rule.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. W. Corcoran & J. W. Walsh*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. Whether any inference could be fairly drawn from the failure of the defendant to produce the testimony of York, his partner, under the circumstances of the case, was for the jury to determine. The court rightly refused to rule, as matter of law, as requested by the defendant, that " it was the duty of the government, rather than of the defence, to hold him as a witness." There is no law which required the government, rather than the defendant, to hold or call him as a witness.

*Exceptions overruled.*