## CLOSSON v. BLIGH.

[No. 5,984.   Filed January 8, 1908.]

1. EVIDENCE.—Affidavit for New Trial.—Plaintiff's affidavit in support of his motion for a new trial, stating that upon another trial the maker of the note sued upon would be present and would testify that defendant did sign such note, is, apart from such motion and other affidavits in support thereof, admissible on behalf of defendant.   p. 15.

2. TRIAL.—Instructions.—Failure by Party to Produce Evidence.—Bills and Notes.—An instruction, in an action on a note, that if plaintiff had it peculiarly within his power to produce a witness who knew that defendant signed or did not sign such note, and he failed to produce such witness, the jury had the right to infer that the evidence of such witness, if he had been produced, would have been unfavorable to plaintiff, is correct.   p. 16.

3. SAME.—Instructions.—Bills and Notes.—Execution.—An instruction, in an action on a note, the execution of which is denied, that the jury may consider any evidence offered as to the genuineness of the signature, but that the mere fact of reading the note in evidence constituted no proof of genuineness, is correct, and is not misleading, where another instruction told the jury that the signature on the note might be compared with defendant's signature introduced and admitted to be genuine.   p. 18.

4. BILLS AND NOTES.—Execution.—Proof of.—Where the execution of a note is denied by a plea of non est factum, and no genuine signature is introduced in evidence, the jury may consider only the testimony of witnesses in determining the genuineness of such signature.   p. 18.

5. TRIAL.—Instructions.—Applicability to Evidence.—A requested instruction informing the jury that no adverse inference should be drawn against plaintiff for his failure to read in evidence the deposition of another party to the action, is properly refused as not applicable to the evidence, where the deponent, though named in the complaint as a party, was never served with process, and never appeared to the action.   p. 19.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Seymour M. Closson against Martin J. Bligh. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*George W. Funk,* for appellant.
*Lairy & Mahoney,* for appellee.

MYERS, J.—Appellant by complaint in one paragraph charged appellee and George P. Chase with the execution of a certain promissory note calling for $150, payable to the order of appellant six months after December 3, 1898. To this complaint appellee filed an answer of *non est factum,* and also an answer in denial. Chase did not appear to the action, nor was any notice of the action served upon him. The issue thus formed was submitted to a jury, and a verdict returned for appellee, and over appellant's motion for a new trial judgment was rendered on the verdict.

The only error here assigned is the overruling of appellant's motion for a new trial. The questions argued relate to the ruling of the trial court in admitting certain evidence, and in giving and refusing to give certain instructions. These questions will be taken up in the order discussed by counsel.

The record before us discloses that upon a former trial of this cause the finding was against appellant; that on motion assigning several reasons and supported by

1. the affidavit of himself and Chase a new trial was granted; that the affidavit of appellant stated that at the time of that trial he was unable to learn the whereabouts of said Chase, and was unable to produce his testimony; that since the trial Chase had voluntarily returned to Cass county, and was then present in court, and in the event of a new trial he would be present in court, and would testify that appellee signed the note in suit as surety at his request and in his presence. The affidavit of Chase stated that he (Chase) signed the note in suit, and that appellee, at his

request, signed the same as surety. Over appellant's objection, on the ground that the motion for a new trial and said affidavits constituted a written instrument, a part of which was not admissible unless all was offered and admitted, appellee was permitted to introduce in evidence the affidavit of appellant. The ruling of the trial court in admitting this evidence is assigned as a reason for a new trial. From an examination of the record in this case, it will be seen that the affidavit of appellant was complete within itself. It is an independent instrument made and filed as a part of the proceedings of this cause in support of, and for the purpose of advising the court relative to, its action on the motion for a new trial. Both affidavits were made a part of the motion by exhibits, and became a part of the record. The affidavit of appellant asserted as true certain facts, of which he would produce testimony if granted another trial. Its relevancy was not questioned, and if relevant the ruling of the court was not erroneous. *Asbach* v. *Chicago, etc., R. Co.* (1892), 86 Iowa 101, 53 N. W. 90; *Chicago, etc., R. Co.* v. *Ohle* (1886), 117 U. S. 123, 29 L. Ed. 837, 6 Sup. Ct. 632; *Wyser* v. *Calhoun* (1854), 11 Tex. 323; *Morrell* v. *Cawley* (1863), 17 Abb. Pr. 76; *Hallett & Walker* v. *O'Brien* (1840), 1 Ala. 585; *Combs* v. *Union Trust Co.* (1897), 146 Ind. 688.

The second reason argued by appellant in support of his motion for a new trial is that the court erred in giving to the jury, at the request of appellee, instruction six.

2.   The instruction reads as follows: "If you find from the evidence in this case that George P. Chase, on account of his relation with the execution and delivery of the note in suit, would be able, if his evidence were produced, to give satisfactory evidence as to the genuineness or want of genuineness of the signature of Martin J. Bligh, and if you further find that the plaintiff has had it peculiarly within his power to produce the evidence of such witness, and that he has not done so, then I charge you that from these

facts you have a right to presume as against the plaintiff that the evidence of this witness Chase, if produced, would have been unfavorable to the plaintiff.'' From the evidence in the record it appears that before the last trial of this case, and under direction of the then attorneys for appellant, and pursuant to notice delivered to the attorneys of appellee, the deposition of said Chase was taken; that it was taken in shorthand, but was never written out in longhand, signed or filed; that shortly after giving his testimony Chase disappeared without the knowledge or consent of appellant or his attorneys. Had appellant's attorneys known that Chase was going away, his deposition would have been written out, if possible, before he left. Appellant testified that he did not know the whereabouts of Chase, and that he had tried to find him; that he did not know that his attorneys intended or attempted to take Chase's deposition; that prior to his leaving the second time both Chase and his father assured appellant that he would remain; that he was surprised when Chase went away ·the second time, and was anxious to get a trial before he left. There is also evidence tending to show that for some days after the deposition was taken Chase was in Logansport. Under the instruction in question the fact as to whether appellant could have reasonably produced the testimony of Chase on the question at issue, or whether it was ''peculiarly within his power to produce Chase's evidence,'' was left to the jury, and the law as stated in the instruction depended upon the finding or failure to find this fact. The instruction was within the ruling of this court in the case of *City of Warsaw* v. *Fisher* (1900), 24 Ind. App. 46. And see *Commonwealth* v. *Haskell* (1885), 140 Mass. 128, 2 N. E. 773; *Learned* v. *Hall* (1882), 133 Mass. 417; *Robinson* v. *Woodford* (1892), 37 W. Va. 377, 16 S. E. 602; *People* v. *Hovey* (1883), 92 N. Y. 554.

Appellant also insists that the court erred in instructing

the jury that "Bligh denies signing the note sued on. Therefore the plaintiff is required to introduce some evidence upon the question of the genuineness of the signature before the note can be read in evidence. You may consider any evidence offered as to the genuineness of the signature, but the bare fact of the reading of the note in evidence, or the note itself, should not be considered by you as evidence tending to prove that the defendant, Bligh, signed it." It is not contended that Bligh authorized another to sign the note for him. The sole fact in dispute being, did Bligh sign the note in suit? Evidence that he did, and evidence to the contrary, was before the jury. The instruction permitted them to "consider any evidence offered as to the genuineness of the signature" in question, and that the "bare fact of the reading of the note in evidence or the note itself should not be considered" as evidence tending to prove that Bligh signed it. For other purposes the note was in evidence, and must have been so understood by the jury. It may be said that by this instruction the jury was to determine the question in dispute from the evidence of witnesses. In another instruction offered by appellant, and given by the court, the jury was authorized to compare the name on the note with the signature of the defendant, Bligh, signed by him to his plea under oath denying the execution of the note. This instruction directed the attention of the jury to the signature of Bligh on the note. If it could be plausibly contended that the instruction complained of was defective in not stating to the jury that the disputed signature might be examined by them and considered in connection with the other evidence bearing upon its genuineness (*Huston* v. *Schindler* [1874], 46 Ind. 38), other instructions rendered this defect harmless. We have been unable to find, nor has our attention been directed to the record showing the signed plea of appellee introduced as a part of the evidence in this cause; and, if not so introduced, the

only evidence proper for the jury to consider was that of witnesses, and for this reason, also, the instruction was not objectionable. *Shorb* v. *Kinzie* (1885), 100 Ind. 429; *White Sewing Mach. Co.* v. *Gordon* (1890), 124 Ind. 495, 19 Am. St. 109.

The last question presented is based on the refusal of the court to give to the jury instruction nine requested by appellant. It reads as follows: "If you should find from the facts in this case that the deposition of the defendant, George P. Chase, was taken by the plaintiff in this suit, or was attempted to be taken and not completed, and not filed in this case, such facts, if you find them to exist, should not influence you in arriving at your verdict. It is a legal right that a party to a suit has to take the examination of the adverse party and use it or not at his discretion, and no presumption should be indulged in by you against the plaintiff in this case on account of not filing or using the deposition of the defendant, Chase." Section 533 Burns 1908, §509 R. S. 1881, provides that "a party to an action may be examined as a witness concerning any matter stated in the pleading, at the instance of the adverse party." Section 535 Burns 1908, §511 R. S. 1881, provides that such "examination shall be taken and filed as a deposition in the cause, and may be read by the party taking it, at his option." The instruction requested was evidently prepared upon the theory that the Chase examination was had under the provisions of the sections of the statute last referred to. But as Chase never appeared to the action, and no summons was ever served upon him, and he was not brought into court by any notice or process to answer the complaint, it cannot be said that he was a party to the action and subject to examination under the provisions of §533, *supra*. Either party might have made him a witness in the case, or taken his deposition and read the same in evidence, on complying with and under the terms provided by statute. It is a familiar rule that an instruction must not only be relevant to the

issues in a cause, but also pertinent to the evidence given to the jury. Applying this rule, the instruction was evidently offered for the purpose of counteracting the inference the jury might draw from the evidence relative to the nonproduction of Chase's testimony, and on this subject it was in direct conflict with instruction six, and, in view of our ruling on that instruction, in our judgment this one was properly refused. *City of Warsaw* v. *Fisher, supra; Robinson* v. *Woodford, supra; Commonwealth* v. *Haskell, supra; Learned* v. *Hall, supra.*

Judgment affirmed.