JOSEPH G. LEIGHTON, Appellee, *vs.* THE CHICAGO CONSOL-
IDATED TRACTION COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. TRIAL—*what is not an improper remark by court.* After an
objection to the question, "What, if anything, did you see come
from between the cars there?" has been sustained by the court with
the remark that the witness had testified to having seen a shadow
but not in the manner stated by the question, upon which counsel
then states that he disagrees with the court as to what the witness
said, the further remark by the court, "My recollection is different
from yours, and in order to avoid any difficulty change your ques-
tion," is not improper.

2. EVIDENCE—*what tends to support averments as to place of
accident.* Testimony by the plaintiff that he had just started to
cross the street car track at a crossing when he was struck but did
not know what struck him, and testimony by a witness who had
met the plaintiff as he was walking toward the track that she saw
a flash of electricity from the wheels of a passing car and "thought"
she saw something roll, tends to support the averment that plain-
tiff's injury occurred at the crossing, even though he was found
some fifteen or twenty feet from the crossing, with his leg crushed
on the track, after the car passed.

3. INSTRUCTIONS—*when refused instruction is substantially cov-
ered by one given.* A given instruction to the effect that the plain-
tiff could not recover if he was injured in attempting to get on the
street car substantially covers a refused instruction stating that if
the plaintiff walked into the street for the purpose of attempting to
get on the car he could not recover, since the question whether
the intention to get on the car was formed before or after he had
walked into the street would not be material.

4. SAME—*when modification of an instruction cannot be com-
plained of.* An instruction holding that if the "front end of the
first car did not strike the plaintiff" he could not recover should be
refused, where there is no averment in the declaration that plain-
tiff was struck "by the front" of a car, or that there was only one
car, or that he was struck by "the first car;" and the party offering
the instruction has no ground to complain of a modification erasing
the word "first," or that the erasure was so imperfect that the word
was still legible.

5. STREET RAILWAYS—*what tends to show that car was run neg-
ligently.* Evidence tending to show that a street car was run over

a street crossing without ringing a bell and with no headlight burning, although it was dark, and showing, without contradiction, that it ran at full speed over the crossing without stopping, tends to show negligence in running the car.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN A. ROSE, and FRANK L. KRIETE, (W. W. GURLEY, of counsel,) for appellant.

WHITMAN & HORNER, and HARRY W. McEWEN, for appellee.

Per CURIAM: This is an action for personal injuries brought by appellee, against appellant, in the circuit court of Cook county. On the trial in that court before a jury a verdict was given for appellee, Leighton, and judgment entered against said Chicago Consolidated Traction Company for $12,000. On appeal to the Appellate Court this judgment was affirmed. The case is brought here by appeal for further consideration on the legal questions involved.

Between six and seven o'clock on the evening of November 22, 1902, the appellee, then a child of about eight years, was run down by one of appellant's electric street cars while attempting to cross its tracks on Montrose boulevard, at the intersection of the boulevard and North Forty-second court, in Chicago, and his right leg was so crushed as to require amputation above the knee. A witness, Mrs. Bessie Hodges, testified that shortly before the accident here in question she left her home on Montrose boulevard and walked west on the north side of said boulevard to Forty-second court, where she saw appellee standing on the corner. About the time she came to Forty-second court a car came along going very fast, but stopped at the corner just

long enough for a man to get off. When she came to
the cross-walk on the west side of Forty-second court she
started to go south over it, but stopped when she heard
another car coming and went back to the walk. About the
time she heard this car she met appellee, who was walking
toward the track. She could not tell, because of the dark-
ness, how far the car was away when she first heard it, but
thought it was about half a block distant. After she had
walked west about twenty-five feet on the boulevard she
heard a cry of pain. She hesitated for a moment and then
walked back out into the street, where she found appellee
lying about fifteen feet west of the cross-walk, with his
right leg crushed across the north rail of the street car
track and his left leg drawn up under him. His head was
to the north and his face to the east. About the time she
reached him Joseph Riha came up. Riha, who was called
by appellant, testified that at the time of the accident he
was working for the Northwestern Railway Company and
lived in the vicinity where appellee was hurt; that prior
to that time he had been a street car conductor for appel-
lant. He stated that he was going east on Montrose boule-
vard and was within one hundred feet of Forty-second
court when the accident took place. He thought there was
a light at the intersection of the streets and he saw some-
thing,—whether it was a boy or not he could not tell,—and
shortly thereafter a shadow falling very close to the cars.
He testified that there was a motor car and a trailer. Mrs.
Hodges did not know whether there were one or two cars.
They both testified that there was no headlight on the front
car and the only lights were those in the cars. The car did
not stop at the crossing in question.

Appellant contends that the court erred in refusing to
permit the witness Riha to answer certain questions. He
was examined at great length as to where he saw the
shadow with reference to the cars, and his testimony is
not in entire harmony on this point. During his direct ex-

amination counsel for the appellant asked this question: "What, if anything, did you see come from between the cars there?" On objection being made the court said: "I sustain the objection. The witness, as I understand it, has testified to seeing a shadow, but not in the manner which your question reads." Counsel then said that he disagreed with the court as to what the witness said, and the court continued: "My recollection is different from yours, and in order to avoid any difficulty change your question." The question was changed and the court permitted the whole subject to be gone into again. Counsel now insist that this statement of the court quoted above tended to mislead the jury. We see nothing improper in the judge's statements.

Appellant insists that it was injured by the court refusing to allow this question to be answered because the witness had testified that he recognized the conductor on the trailer, and, as it was impossible to say which car or set of cars had caused the accident, if appellant had been allowed to find out just how long it was after the witness saw this shadow before he saw the conductor in question, it would have been able to fix definitely which car or train of cars it was. There is nothing in this contention, for after this discussion between the court and counsel the witness testified fully on that subject, and said that he should judge the car had gone on for ten or fifteen feet after the accident when he saw the conductor in question.

When the witness Riha was testifying on this subject one of his answers was, "All I thought the shadow was, was the boy as the car went up." Counsel for appellee made a motion to strike out what the witness "thought," and this motion was properly allowed. The court permitted unusual latitude on the direct examination of this witness and allowed this subject to be gone over in detail several times. The striking out of the answer in question could not, by any possibility, have harmed appellant.

Appellee himself did not give a very clear statement of how the accident occurred. He did not know why he was crossing the street, as he was going to his home on the north side of Montrose boulevard. He testified that he walked on the crossing west of Forty-second court to about five feet from the car track and stood there for a moment looking at Mrs. Hodges. He heard the jumping up and down of a car and looked both ways but saw nothing. He thought it was the car that had just passed and started to cross and was struck. He did not know what struck him. Neither the motorman nor conductor saw appellee injured. They knew nothing about the accident until they heard of it at the car barns, later in the evening. The motorman testified that the car had an oil headlight and that it was burning. The conductor had no special recollection of the condition of the lights at that time, though he testified as to the general prevailing condition.

Appellant contends that there is no proof that the accident happened at the intersection of the streets in question and that the claim that the car struck the boy while he was attempting to cross the tracks is without any basis in the evidence, as appellee was found some fifteen or twenty feet west of the crossing. Mrs. Hodges testified that after she walked west of said crossing, when she heard the car and turned to avoid it, she saw a flash of electricity from the wheels and "thought" she saw something roll, but wasn't sure, and went on. Counsel now object to this testimony of Mrs. Hodges on the ground that it was speculative,—not what she knew, but what she thought. The motion made at the time was to strike out the statement because it was "not descriptive," and this was overruled. Had counsel objected then because the witness used the word "thought" in connection with her testimony there might be some force now in their objection. It is plain from a reading of her testimony and the connection in which she used these words that there was no basis for the particular

objection made at the time. Appellee might well have been carried several feet by the cars after being struck. The evidence in the record tends to support the averments of the declaration as to the place of the accident.

Complaint is made of the refusal of the court to give an instruction to the effect that if they believe the plaintiff walked into the street for the purpose of attempting to get onto the car then he could not recover. The fourteenth instruction given covered every material part of the refused instruction. It told the jury that if the plaintiff was injured in atempting to get on the car he could not recover. Appellant argues that the refused instruction calls especial attention to the fact that appellee deliberately walked into the street for the purpose of attempting to get onto the car. We do not think it would make any difference whether he had the intention to get on the car before he walked into the street or the intention came to him after he was in the street.

Appellant asked that the following instruction be given:

"The court instructs the jury that if you believe, from the evidence, under the instructions of the court, that the front of the first car did not strike the plaintiff, then the plaintiff cannot recover in this case, and you should find the defendant not guilty."

The court modified this instruction by striking out the word "first" but left the word so legible that it could be read. It is insisted that the court erred in striking out this word, and also erred in not so fully erasing it that the jury could not see what word had been there. We think the instruction should not have contained the words "the front of." The declaration contained four counts. The first one charged that a car, and the other three that a "certain other car," was so negligently operated that appellee, while in the exercise of due care, was struck by it. There is nothing in any one of the four counts to indicate that appellee was struck by the front of the car, and there is no positive aver-

ment in any part of the declaration that there was only one car in the train or that he was struck by the first car. The appellee would have been guilty of negligence if he had walked into the side of the car and thus caused the accident, and the jury were so instructed on behalf of appellant. There is no force in the contention of appellant that by leaving the word "first" legible the jury would infer the court thought if the front of the second car did not strike appellee then he could recover. In our opinion this instruction, either with or without the modification, should not have been given, but we do not think it tended to mislead the jury any more after it was modified than it would if given as originally drawn, hence appellant was not injured. *O'Neil* v. *Orr,* 4 Scam. 1; *Union Railway and Transit Co.* v. *Kallaher,* 114 Ill. 325; *Cobb Chocolate Co.* v. *Knudson,* 207 id. 452.

Fifteen instructions were given for appellant and none for appellee. We think the jury were fully and fairly instructed on all questions presented on this record.

There was testimony tending to show there was no headlight on the cars in question, though it was then quite dark, and that no bell was rung, and it is uncontradicted that the cars ran at full speed past this crossing. The testimony of appellee, which is corroborated to some extent by that of Mrs. Hodges, was that he was exercising due care for his own safety. The negligence of appellant, if any, and the contributory negligence of appellee, if any, were questions of fact for the jury. There is evidence on both of these questions tending to support the verdict.

We find no reversible error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*