COLUMBIA GROCERY COMPANY *v.* SCHLESINGER, ADMINISTRATOR.

[No. 15,111.  Filed March 10, 1936.  Rehearing denied July 2, 1936. Transfer denied October 21, 1936.]

618

*Fesler, Elam, Young & Fauvre,* for appellant.

*Wymond J. Beckett,* for appellee.

KIME, P. J.—Suit was brought by appellee for damages on account of the death of Julia Schlesinger. It appears that her death was caused by a fall occasioned by the slipping of a mat lying between the storm door and the inner door of the store belonging to appellant. To the second amended complaint herein filed appellant answered in general denial and the issues raised thereby were tried before a jury. The jury returned a verdict for the appellee for $4,500.00 and also answered two interrogatories, as follows:

"No. 1. Did the door mat slip when the plaintiff's decedent stepped on it?

"Answer: Yes.

"No. 2. Did the plaintiff's decedent fall because the door mat slipped with her?

"Answer: Yes."

Judgment was rendered on the verdict.

Appellant's motion for a new trial, containing fifteen

grounds, was overruled and this appeal followed. The error assigned is the overruling of the motion for new trial and the alleged errors which are properly presented are herein discussed.

The second amended complaint alleges, among other things, that because of the negligent condition in which appellant maintained the entrance of the Columbia Grocery, the mat lying in the said entrance slipped causing decedent to fall on her hip, thereby injuring her to such an extent that death resulted.

The evidence discloses that on the floor in the vestibule between the storm door and the main door of the grocery store was a link rubber mat, 35½ inches long and 29½ inches wide; that the vestibule floor was made of smooth marble; that the width of the storm door was 34 inches; that the width of the inner door at the north end of the vestibule was 36 inches; that the storm door opened out over the sidewalk; that the step from the sidewalk up to the vestibule was 6¼ inches high; that it was 36½ inches from the storm door to the inner door that opened into the store; that the width of the vestibule at the store door was 54 inches.

Snow had fallen on various days beginning with the 16th day of December, 1930, so that on January 23, the day decedent met with her injury, there was 4.8 inches of snow on the ground. The accident happened about 5:30 o'clock P. M. After having made a purchase in the store and as she was leaving, the decedent, in stepping upon the mat in the vestibule was thrown to the floor and sidewalk, by reason of the mat slipping, and suffered the injuries from which she died. At that time the marble floor in the vestibule was slick and icy. The mat had slipped when she stepped on it so that it was hanging outside the storm door. Decedent was wearing shoes with Cuban heels and over them wore rubber galoshes. There was also evidence from the manager of

the store that others had fallen at the same place where the accident herein took place.

Appellant contends that the evidence is not sufficient to support the verdict. While the complaint contains several separate allegations of negligence in a final analysis the gist of the action is that appellant was negligent in allowing the floor and the mat thereon to become and remain in a dangerous condition. There is evidence from which the jury could find such negligence. As to whether or not appellant had notice of the negligent condition of the vestibule the record contains testimony to the effect that the manager told Mr. Schlesinger sometime after the accident ". . . we have had a number of people fall there . . ." This is some evidence from which the jury could find that appellant had knowledge that a defect existed. We must therefore hold that the evidence does support the verdict. From what we have said it appears that appellant's contention that the verdict is contrary to law is not sustained as we find nothing therein to make it contrary to law.

Appellant next complains that the court erred in giving instructions numbered 1, 6, and 7 requested by the appellee. We have read these instructions carefully and find that they correctly state the law applicable to the facts herein, when read together with all the other instructions, therefore, the giving of such instructions was not error.

The court did not err in refusing to give instructions numbered 6 and 8 requested by appellant. Appellant does not point out any evidence that would show or tend to show that this vestibule was constructed, maintained or "regarded reasonably safe" . . . "by the average" storekeeper as the instruction recited. Instructions not sustained by evidence should not be given and requests therefor are properly

refused. *City of Bloomington* v. *Woodworth* (1907), 40 Ind. App. 373, 81 N. E. 611; *Closson* v. *Bligh* (1907), 41 Ind. App. 14, 83 N. E. 263.

The court refused to give appellant's requested instruction numbered 7, which instruction defined the elements of damages to be considered eliminating ▆ bereavement, pain and suffering of the deceased, medical, hospital and funeral expense. We hold that the court did not err in this refusal for the reason that the court gave appellee's instruction numbered 8 by which the court told the jury that the damages were "limited" to the "pecuniary loss" sustained by the husband and infant daughter, and then stated the elements constituting this pecuniary loss to which they were "limited" in the assessment of damages. After thus limiting the jury to the consideration of these elements it was not necessary to call to their attention other matters that they should not consider. The court had excluded these matters by the limit which he had already fixed and it will be presumed that the jury obeyed this instruction. The court in effect prohibited the allowance of damages for anything except the stated elements. An instruction in which the damages are limited to actual pecuniary loss due to the death fully stated to the jury the proper elements of damages. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822. And further there is nothing pointed out in the brief which indicates that funeral expenses or doctor bills of decedent appear in the record and, therefore, any instruction containing matters outside of the evidence are properly refused. See case cited above.

There was evidence to the effect that the storm door was 34 inches wide; that the mat was 35½ inches long and 29½ inches wide; that when decedent slipped the mat went through the door in such a manner that it was partly out of the door. It is, of course, obvious that

a mat of the kind herein involved could not have gone through the door at that time unless it was laying in such a position that one of the 29½-inch ends lay parallel to the 34-inch storm door opening. There could be no error in proving that a mat 29½ inches wide would go through a 34-inch opening.

The appellant further contends that it was error for the court to admit the evidence of Mr. Ralston to the effect that he had slipped there after the Schlesinger accident. The record discloses that continuously from the 20th day of January to the 31st day of January, 1930, the vestibule as to shape, size, structure, enclosures, incline of floor, structure of floor and mat on the floor were the same; that the weather conditions were the same; that during all that time the temperature did not get above 32 degrees, which is freezing; that the mat and floor was slick and that it was wet around the mat. Thus this evidence conclusively shows that the conditions were the same and since they were the same the admission of his evidence is not error.

Appellant further complains that it was error to leave the evidence of Ella Morrison before the jury. The motion to strike such evidence was for the reason that "it hasn't been shown that conditions were the same as to the weather there." The record discloses that the weather conditions were the same, therefore, the court committed no error in permitting this testimony to remain in the record.

Appellant urges that the court erred in permitting Mrs. Sullivan to answer a certain question for the reason that "there is no showing the condition was the same." There is sufficient evidence to show that the conditions were the same at the time when Mrs. Sullivan almost fell and Mrs. Schlesinger sustained the accident which caused her death.

It was not error to refuse to permit questions pro-

pounded to Mr. Schlesinger as to his income to be answered. The damages sustained by the husband and infant daughter are for the pecuniary value of the loss to them by reason of decedent's death. The husband's income or lack of it is not a part of the pecuniary value of the loss sustained by him and his infant daughter, through the death herein.

Appellant's twelfth, thirteenth, and fourteenth points are not well taken for the reason that appellant failed to point out how the evidence to which it there objects was prejudicial, therefore, even though the admission of such evidence might be said to be erroneous it is not reversible error. *Hoosier Lumber Co.* v. *Spear* (1934), 99 Ind. App. 532, 189 N. E. 633.

Appellant contends that the damages are excessive. Damages in cases of this kind are largely a question for the jury, since there are no fixed rules or mathematical formulae laid down by our decisions. The jury heard the evidence and fixed the damages at $4,500.00. Another jury hearing the same evidence might have found the damages to be greater and fixed a larger sum while perhaps another jury would have fixed a smaller sum. This court, from the evidence, can not say that the amount fixed is excessive. *Midland Trail Bus Lines* v. *Martin* (1935), 100 Ind. App. 206, 194 N. E. 862; *Louisville & N. R. Co.* v. *Gollihur, Admr.* (1907), 40 Ind. App. 480, 82 N. E. 492.

We have heretofore discussed instruction numbered 8 given at appellee's request and what we have said there fully disposes of point "d" under the fifth reason for new trial to the effect that the court erred in giving such instruction.

Finding no reversible error the judgment of the Marion Superior Court is in all things affirmed.