Hillsborough,
No. 4343.

MAE BROSOR, *Adm'x v.* DAVID F. SULLIVAN.

Argued November 3, 1954.
Decided December 15, 1954.

306

*Robert J. Doyle* (by brief and orally), for the plaintiff.

*Paul E. Nourie* and *Bartram C. Branch* (*Mr. Nourie* orally), for the defendant.

KENISON, C. J.   The early decisions, although few in number, were quite uniform in holding that a social guest injured in a private home by slipping on a rug placed on a polished hardwood floor could not recover. *Lewis* v. *Dear,* 120 N. J. L. 244; *Greenfield* v. *Miller,* 173 Wis. 184; anno. 12 A. L. R. 987; 92 A. L. R. 1005; 25 A. L. R. (2d) 598, 614.   However the recent case of *Curren* v. *O'Connor,* 304 N. Y. 515, recognizes that a complaint of a social guest injured by the slipping of a small mat which was not anchored to the floor states a cause of action which cannot be dismissed without a trial.   Likewise in *Droge* v. *Czarniechi,* 126 N. Y. S. (2d) 794, it was held that a social visitor may recover if a jury finds that an unsecured small throw-rug on a waxed slippery floor was a dangerous condition which caused the plaintiff's injuries.   We need not resolve this conflict of authority on the liability of a host for injuries to social guests visiting a private home in this case because the decedent was an invitee.

"A member of the possessor's family, although ordinarily a bare licensee (see *s.* 331, *comment* a), is a business visitor if he pays board or gives other valuable consideration for his residence upon the possessor's land."   Restatement, Torts, *s.* 332, *comment* f.

"The defendants owed to him as an invitee the duty to use reasonable care to protect him from dangers to which they knew he might be exposed." *Ghilain* v. *Couture,* 86 N. H. 117, 118. The defendant landowner was not an insurer and was only required to exercise reasonable care to maintain his premises in a reasonably safe condition for the use of invitees. *Monier* v. *Belzil,* 97 N. H. 176; *Black* v. *Fiandaca,* 98 N. H. 33, 35; Restatement, Torts, *s.* 360.

The mere fact that the defendant's floor was highly polished and waxed does not of itself establish negligence. *Steeves* v. *N. E. Tel. & Tel. Co.,* 92 N. H. 52. Since the use of small scatter rugs or throw rugs on polished and waxed floors is a common one, several jurisdictions have ruled as a matter of law that their use involves no negligence whether the plaintiff is an employee, prospective tenant, or invitee. *Nelson* v. *Smeltzer,* 221 Iowa 972; *Chilberg* v. *Standard Furniture Co.,* 63 Wash. 414; *Brown* v. *Davenport Holding Co.,* 134 Neb. 455; *Cutro* v. *Scranton Medical Arts Bldg.,* 329 Pa. 382. Other jurisdictions, while recognizing the general rule of no liability in cases of rugs and mats on slippery floors, have held that a jury question is presented if there are special circumstances and conditions upon which the liability is based. *Piculell* v. *Sargent,* 51 N. Y. S. (2d) 76; *Murphy* v. *Fidelity Nat. Bank & Trust Co.,* 226 Mo. App. 1181; *Columbia Grocery Co.* v. *Schlesinger,* 102 Ind. App. 617. While the precise question has never been presented in this state, it is reasonably clear from the rationale in *Williamson* v. *Company,* 89 N. H. 216, 217, " . . . that there was a case for the jury . . . . " See anno. 25 A. L. R. (2d) 444, 470; James, Tort Liability of Occupiers of Land; Duties Owed to Licensees and Invitees, 63 Yale L. J. 605 (1954).

The small unsecured scatter rug in front of the elderly decedent's bedroom had proved to be dangerous in fact and the defendant was admittedly aware of the probabilities of injury resulting to the decedent as it did to his wife. This case has a special circumstance not always present in that the decedent had no reasonable choice open to him to avoid slipping on the unfastened rug. "He had no other means of ingress and egress." *Papakalos* v. *Shaka,* 91 N. H. 265, 269. See *English* v. *Amidon,* 72 N. H. 301, 303. This was a factor to be considered on the issue of the defendant's negligence as well as being relevant to the issue of the decedent's contributory negligence. A holding that the defendant was free from negligence as a matter of law in this case would be tantamount to saying that which is dangerous in fact is not dangerous

in law and therefore we do not so hold. The question of the defendant's negligence was properly submitted to the jury.

We next consider whether the plaintiff is barred from recovery by his own conduct. It is well settled in this state that the doctrine of assumption of risk has no application since this is not a master and servant tort action. *Ayers* v. *Gordon*, 94 N. H. 30; *Klineintie* v. *Company*, 74 N. H. 276. While a plaintiff is contributorily negligent if he encounters a known danger to which he paid no heed (*Butler* v. *King*, 99 N. H. 150, 152), he is without fault if he "carefully incurred a known danger." *Williamson* v. *Company*, 89 N. H. 216, 218. "To be sure he voluntarily encountered a known risk, but whether or not, under all the circumstances, it was negligent for him to have done so . . . presents in our opinion a question of fact for the jury." *Papakalos* v. *Shaka*, 91 N. H. 265, 269. Where the plaintiff slipped on a wet waxed and polished floor of the defendant's office on a rainy day contributory negligence was disposed of in the following language: "Her right to reasonable safety subsisted even if she learned of the danger to which she was exposed and the maintenance of which constituted an infraction of the right . . . The duty to protect her was not necessarily shifted to a duty of her own to protect herself by reason of her appreciation of the danger." *Williamson* v. *Company*, *supra*, 218. See *Cartier* v. *Corporation*, 92 N. H. 263, 265; Keeton, Personal Injuries Resulting from Open and Obvious Conditions, 100 Pa. L. Rev. 629 (1952).

There is no evidence that the decedent stepped on the floor or the rug in anything but "a perfectly normal manner" (*Mitchell* v. *Legarsky*, 95 N. H. 214, 217) and being an elderly man he "moved along slowly." While it is true that the decedent was completely familiar with the situation, he did nothing unusual which would label his conduct as contributory fault as a matter of law. This is not a case where a plaintiff took no care to avoid a risk that was obvious. *Masters* v. *Public Service Co.*, 92 N. H. 85, 88. Because of the family relationship it is suggested that the decedent could have (1) removed the rug, (2) stepped around it or (3) "seen to it that clamps of some sort were put on the rug." Since previous complaints by the decedent and his daughter over a period of several months produced no correction of the condition, the decedent may have decided that these alternatives were not desired by the defendant. In any event the defendant had a duty to maintain

reasonable conditions of safety and the decedent was not in control of the premises where the accident occurred.

The motions for a nonsuit and a directed verdict were properly denied and the evidence properly submitted to the jury.

*Judgment on the verdict.*

All concurred.